## ALVIN ALLEN *v.* DANIEL HOOKER.

*Warranty of goods and labor. Failure of, &c.*

The failure or breach of *a warranty,* whether it has reference to the quality of the work, or its use, or operation, can be taken advantage of in an action for the price, under the general issue.

In suits for labor or goods, the warranty of such labor or goods is not a matter altogether collateral ; but the warranty forms an essential portion of the consideration for defendant's undertaking, and its failure is proper to be shown in reduction of the stipulated price.

THIS was an action of assumpsit. Declaration on Book, and plea in offset, and trial by jury.

The plaintiff gave evidence, tending to prove that in July, 1850, he laid an aqueduct for the defendant, upon his, the defendant's land, extending from a spring, thirty-three rods from his house, for which the defendant agreed to pay the plaintiff one dollar per rod.

The defendant offered evidence, tending to prove that the plaintiff, upon making the contract, agreed to warrant the aqueduct to stand and do good service for a year, and that the work was done in an unskillful and not in a workmanlike manner ; and that it was not sufficiently covered to protect it from frost, and in consequence thereof the aqueduct failed, and was of no use to the defendant during a great part of the first and second winters after it was laid.

The plaintiff's testimony tended to show that no such warranty was made, at the time the contract to lay the aqueduct was made, and that the aqueduct did not fail in consequence of its being unskillfully and improperly laid, but from other causes.

The testimony tended to prove that the plaintiff, while at work on the aqueduct, declared that he always warranted his work, also, that the defendant found fault with the plaintiff's work, and the manner in which he performed it, while it was being done, and that plaintiff replied that he always warranted his work.

The court charged the jury, that if the plaintiff, at the time the contract was made, warranted that the water should run in the aqueduct for one year at all events, and the water did not so run, the plaintiff would be liable on the warranty ; but the defendant, not having pleaded it in offset, could not avail himself of it in this action, and that the plaintiff was entitled to recover the stipulated price for the work, if it was done in a skillful and workmanlike manner ; but if it was not so done, the plaintiff was not entitled to recover any more than the work was actually worth to the defendant, deducting the amount reported by the auditor, and plead in offset.

And if they should find that there was no price agreed upon by the parties for the work, then the plaintiff would be entitled to re-

cover no more than the actual value of his work, deducting as afore-said.

To which charge the defendant excepts, &c.

*J. Prout* and *C. D. Kasson* for defendant.

1. The defense of a warranty is admissible, and is available under the general issue. REDFIELD, J., in *Vaughn* v. *Porter*, 16 Vt. 270. 1 Chitty's Pl. 475. *Hinesburgh* v. *Sumner*, 9 Vt. 26. *Walker* v. *Smith*, 2 Vt. 542.

2. The party is not driven to his cross action, but may wait until suit is brought aginst him, and then take advantage of a breach of warranty as a defense; not as a technical set-off, but as showing a failure of consideration, and in mitigation of damages. 1 Smith's L. Cases, 202–203. 2 Smith's L. Cases, 34–37. Chitty on Con. 363. *Dishen* v. *Neale*, 1 M. & W. 556.

3. The distinction in the cases is between an action for the *price* and an action upon the *security* (note) given for it. Chitty on Con. 367. *Walker* v. *Smith*, 2 Vt. 542.

4. Upon exceptions, if there be error in the proceedings, the party excepting is entitled to a new trial. *Irish* v. *Cloyes*, 8 Vt. 30. *Penniman* v. *Patchin*, 5 Vt. 346. *Blake* v. *Tucker*, 12 Vt. 39.

*Parker & Nicholson*, and *E. N. Briggs* for plaintiff.

1. The court instructed the jury, " that if the plaintiff, at the " time the contract was made, warranted that the water should run " in the aqueduct for one year at all events, and the water did not " so run, the plaintiff would be liable on the warranty."

Whether this charge might, or might not be subject to criticism, it is not important here to consider, as it could not possibly induce a verdict prejudicial to the defendant.

2. Under the remaining portion of the charge of the court, the jury were left to find a verdict in accordance with the only rule that is reconcilable with the general tenor of analogous adjudged cases.

In an action upon contract for work and labor, matters of defense arising from the breach of a special warranty, should be specially pleaded, or notice thereof given. 1 Chit. Pl. 471, 569. *Morrell* v. *Aden*, 19 Vt. 505. *Rollins* v. *Walker*, Bray Rep. 222.

3. When labor is performed upon land, under a special contract,.

but not strictly according to the terms of the contract, yet the plaintiff shall recover such sum as said labor is reasonably worth to the defendant, deducting the damage to the defendant arising from such failure in the performance of said contract. *Dyer* v. *Jones*, 8 Vt. 205. *Gilman* v. *Hall*, 11 Vt. 510. *Booth* v. *Tyson*, 15 Vt. 515. *Brackett, Admr.* v. *Morse*, 23 Vt. 554.

BY THE COURT. This is an action of assumpsit for work and labor, in general *indebitatus assumpsit*.

The plaintiff's testimony tended to show a contract to lay an aqueduct on defendant's land, for one dollar a rod, thirty-three rods.

The defendant's testimony tended to show that plaintiff warranted, at the time the contract was made, or agreed to warrant, the aqueduct to stand and to do good service a year, and that the work was done poorly, and not sufficiently covered to protect it from frost, and that in consequence thereof it failed, and was of no use to defendant the greater part of the first and second winters.

The plaintiff's testimony showed, or tended to show, that no such warranty was made, and that the aqueduct failed from other causes.

Fault was found with the work as it progressed.

The court charged the jury, that if the warranty made at the time of the contract was, that the water should run, at all events, for one year, the plaintiff would, on failure or breach, be liable for damages ; but that it could not be made available in this action, not being pleaded in offset.

In this we think the court were in error. Such a warranty, although of a collateral matter in some respects, and not necessarily connected with the sufficiency of the erection made by plaintiff, would nevertheless form an essential ingredient in the price of the work, or in its value to defendant, and if it failed, would be to that extent a failure of the consideration of the defendant's undertaking, and for this reason may be taken advantage of in an action for the price, the same as if the warranty had reference to the quality of plaintiff's work, which seems not to have been excluded from the consideration of the jury, and the other view of the warranty should not have been.

It was upon this ground that all warranties of goods and labor were rested in suits for such labor or goods, formerly, it being

considered that the warranty was a matter altogether collateral. But upon examination, it was found that the warranty formed an essential portion of the consideration for defendant's undertaking, and that it was showing that defendant had not received what he stipulated for, and thus converting the contract, for a fixed price, into a mere *quantum meruit*, or *quantum valebat*. And it makes no difference whether the warranty has reference to the quality of the work, or its use, or operation ; it equally affects its value to defendant, and its failure is proper to be shown in reduction of the stipulated price, in the one case, as well as the other.

Judgment reversed, and case remanded.