### HENRY KEYES *v.* WESTERN VT. SLATE COMPANY.

*Recoupment.   Damages.   Offset.   Pleading.*

In a suit for work and labor done or goods sold and delivered, the defendants under the general issue may reduce the damages by showing the work unskilfully done, or the goods not as good as warranted; but it seems that a defendant cannot, under the general issue, to reduce damages, show a breach by the plaintiff, of stipulations independent of those on which the plaintiff claims to recover, even though they are included in the same contract on which the suit is brought.

Under our statute, unliquidated damages, growing out of contract, may be pleaded in offset.

When by the provisions of a contract, the defendants were bound to repair a drain on premises leased to the plaintiff, and the plaintiff notified them it was out of repair, *Held,* if they neglected to repair it, the plaintiff should do so, and the measure of damages for so doing would be the cost of repairs; but when the defendants, after notice to repair, promised from time to time they would repair, but neglected so to do, *Held,* the plaintiff was entitled to recover the actual damages sustained by him by such neglect.

7

This was an action of assumpsit; plea, general issue, with special notice and set off, tried at January term, 1861, PIER-POINT, J , presiding.

The plaintiff gave in evidence a written contract, accompanied with evidence tending to show that he entered upon the premises described in the contract, and occupied for one year, (when the term was ended, pursuant to notice given, three months previously, by the defendants;) that he performed, during said year, the stipulations of said contract on his part, and that the defendants failed to supply the derrick, and "to put the pumps in order, and to have the drain in repair," as expressed in said contract, and that he suffered pecuniary loss and damage thereby.

Under the general issue and notice, the defendants offered evidence to prove that the plaintiff, in the execution of said contract on his part, as far as he performed it at all, worked the quarry therein mentioned unskillfully, carelessly, and in an unworkmanlike manner, so as greatly to lessen its value to the defendants, and that the same was surrendered and delivered up by the plaintiff at the end of the term, not in as good condition as when received by him at the commencement of said term, and that the damages resulting to the plaintiff therefrom, amounted to a large sum. This evidence was offered with a view to a recoupment of the plaintiff's damages, if he should recover any. It was objected to by the plaintiff, and excluded by the court.

The plea and notice and plea in offset were filed on the trial by the consent of the counsel of the plaintiff, with the agreement that evidence might be given to support them, the same as if they had been filed within the time required by the rule. Under said plea in offset, the defendant offered evidence to show the failure of the plaintiff to perform said contract as stated in said plea, and to show unliquidated damages resulting to the defendants therefrom. This evidence was objected to by the plaintiff, and excluded by the court.

The defendants gave evidence to show that they repaired said drain after the commencement of said term, at a cost of about sixty dollars; but the plaintiff gave evidence tending to show that early in February he called on the defendants to make such repairs, and that said repairs were neglected by the defendants

for some two months after they reasonably ought to have been made, and that in consequence he was unable to work said quarry, and thereby his principal damages accrued.

The court were requested by the defendants to instruct the jury that the measure of damages to the plaintiff for this neglect was the cost of the repairs, and not the detriment which he might have suffered from the drain remaining out of repair during all that time. The court refused so to charge the jury, but did charge them that if they found that the drain was out of repair when the contract was entered into, the defendants were bound by the contract to repair it within a reasonable time, at least after the fact was brought to their knowledge ; if, after the plaintiff gave the defendants notice that the drain was out of repair, (as it was conceded he did,) the defendants recognizing their obligations to repair, agreed from time to time to repair it, and commenced doing so, and finally did repair it, as the evidence tended to show, (and about which there was no controversy ;) but failed and neglected to repair it within a reasonable time after such notice ; then the defendants were liable to the plaintiff for such damage as he sustained, as the immediate and necessary result of his not being able to work the quarry, as he had the right by his contract to do. and as he wanted to do, during the period of such unreasonable delay.

To which said several decisions and charge, and refusal to charge, the defendants excepted.

*Linsley & Prout*, for defendants.

*H. G. Wood*, with whom was *E. J. Phelps*, for plaintiff.

POLAND, CH. J. The English courts formerly held that in actions to recover for services performed, or for goods sold, where there was a specific contract as to the price, the defendant could not reduce the plaintiff's recovery below the stipulated price, by proving that the service was unskillfully or negligently performed, or that the goods sold were not of the quality represented by the seller, and were of less value than the contract price ; but that in such cases the defendant must resort to his

cross action to recover damages of the plaintiff for his negligence, or violation of contract.

But the law has long been settled differently both in England and in this country, and in all such cases the defendant is now allowed to set up such matters in reduction of the plaintiff's damages. It seems, too, to be now settled, that in actions to recover for the performance of services, or for the price of goods or chattels sold, and where a certain price has been agreed to be paid, the defendant may show under the general issue that the plaintiff made a warranty, and that it has been broken, and reduce the plaintiffs recovery to the extent that the defendant has sustained loss by such breach of warranty. *Allen* v. *Hooker*, 25 Vt. 138.

The defendant now claims that this doctrine of allowing a defendant to show in reduction of the plaintiff's claim, damages occasioned by the plaintiff's failure to perform his contract, has been extended far enough to enable a defendant to set up the violation of distinct and independent stipulations by the plaintiff, in a contract, in answer to damages claimed by the plaintiff for the non-performance by the defendant of the stipulations of such contract on his part; that however independent and distinct the several stipulations or covenants of the parties may be, if they are contained in the same instrument, the defendant may reduce the plaintiff's recovery by showing the damages he has himself sustained by the non-performance on the part of the plaintiff, and this under the general issue. We do not think the doctrine has ever been carried to that extent in this state, and we doubt if it is yet settled to that extreme in New York, where the courts have gone beyond all others in favor of what is there termed the *recoupment* of damages.

As only three members of the court have participated in the decision of this case, and we are not precisely agreed in our views of what is the exact limit of this doctrine here, we do not attempt to lay down any rule, as we do not find it necessary for the decision of the case.

2. We are satisfied that the damages, which the defendants claimed to have sustained by breaches of the contract by the plaintiff, were such claims as the defendant might, under our

statute of offsets, set up by plea, and that they should have been allowed to do so.

The objection made to allowing the same to be pleaded in offset is, that the damages are entirely open and unliquidated. Under the English statute of offsets this would be a good objection, and so in most of the states whose statutes, like the English, only allow liquidated claims to be pleaded in offset.

But our statute contains no such provision, but allows the defendant to plead in offset whenever the plaintiff is indebted to him on contract, express or implied. The plaintiff claims that the term *indebted* should be construed so narrowly as to really include only such claims as are liquidated. But we think it has a broader construction, and means the same as liable to the defendant on contract express or implied. This same question has been before the court recently, and this construction was given to the statute. *Hubbard* v. *Fisher*, 25 Vt. 539.

It is said in that case, " an offset in this state is not required to be liquidated in order to be pleaded in setoff, as is the rule at common law, but here the plea is a mere delaration, and may cover any matter of contract, not expressly excepted in the statute."

It is urged that to allow such claims to be pleaded in offset, when the damages are uncertain and unliquidated, will lead to great confusion and perplexity in trials, but we do not perceive it, or how any greater difficulty can arise in the trial of such a claim on a plea in offset, than where it forms the ground of an independent action. It is equally within the beneficial purpose of the statute of offsets, preventing a multiplicity of actions, and saving to defendants the advantage of satisfying the plaintiff's demand with his own debt, instead of being compelled to advance the money, and then resorting to the expense and risk of another litigation to recover his claim against the plaintiff. It is said this construction will allow claims, really for torts, to be litigated upon pleas in offset ; that negligence and malfeasance of attorneys and physicians can be sued for in assumpsit, and therefore be pleaded in offset. But the answer to this suggestion is, that though by a sort of legal fiction such negligence has been treated as a breach of an implied promise arising from pro-

fessional employment, still the claim is really in tort for negligence.

In this case, however, the defendants' claim is really for a violation of contract, for which no action but one *ex-contractu* could be brought, and the claim is precisely of the same nature as that of the plaintiff for which he seeks damages by his suit.

3. The rule of damages laid down to the jury, we think, was substantially correct, though not very fully expressed in the exceptions. If when the plaintiff requested the defendants to repair the drain, they had refused to do so, it would have been the duty of the plaintiff himself to have done it, and all he could have recovered would have been the costs of the repair. He could not in such case lie by, and incur loss for want of the repairs, far beyond the cost of fixing it, and make the defendants liable. If the defendants wrongfully refused to repair, still it was the duty of the plaintiff to conduct like a reasonable and prudent man, and take the course that would be least detrimental to himself, and to the defendants. But if the defendants, on having notice to repair the drain, admitted their liability to repair it, and promised to do so, and thus kept the plaintiff from making the repairs himself, and thus prolonged the period of loss to the plaintiff, so that it exceeded the cost of the repairs, that 'loss justly should fall on the defendants. It was rather a question as to whether the plaintiff acted in good faith, and with fair and reasonable prudence, in the course he took in waiting for the defendants to repair, under their assurances, instead of proceeding to make them himself. The defendants when called on should have immediately proceeded to make the repairs themselves, or else have refused, so that the plaintiff could have made them himself. If they omitted to make them, on being called on, and kept the plaintiff from doing it by false and delusive promises, they cannot complain of being made liable to loss occasioned by the delay.

For the exclusion of the defendants' evidence under their plea in offset, the judgment is reversed.