RICHARD ANDREWS v. EUNICE AND MARY EASTMAN.

*Wood.   Contract.   Payment.   Acceptance.   Damages.*

The plaintiff contracted to furnish the defendants with good dry fire-wood for the year commencing January 1, 1863, for the sum of $35, and not to furnish last-block wood, such as he had furnished previously. He furnished the wood according to the contract until June or July, when he commenced to furnish last-block wood, which was wood of an inferior quality, and continued so to furnish it through the year. The defendants used this wood until some time in the fall, when they procured wood elsewhere. After the expiration of the year, one of the defendants paid $17.50, protesting that the wood was not furnished according to the contract. *Held*, that the plaintiff, having stipulated both as to the kind of wood he should furnish, and as to the kind of wood he should not furnish, had no reason to suppose that the defendants had accepted this inferior quality of wood at the contract price for good dry wood.

The plaintiff never having indicated to the defendants in any manner before or while he was furnishing the wood, or while they were using it, that he should claim such wood was according to the contract, the defendants did not become liable to pay the contract price by reason of using the wood, nor by reason of their neglect to give further notice to the plaintiff that they should not accept it upon the contract.

The payment of the $17.50 under protest, was not a recognition by the defendants that anything more was due to the plaintiff.

The plaintiff, having failed to comply fully with the terms of the contract, was entitled to compensation for the wood only to the extent of the benefit actually received by the defendants, and the latter had the right to have deducted from the contract price the amount of damages they sustained by the non-performance of the entire contract of the plaintiff.

BOOK ACCOUNT. The plaintiff's account consisted of a single item for furnishing wood to the defendants for the year 1863, at the price charged, $35. The defendants presented no account. In relation to the plaintiff's account, the auditor found the following facts:

"The two years previous to 1863 the plaintiff had been engaged in the business of getting out last-blocks, and had furnished wood to the defendants from the waste of said blocks. This was furnished at $30 a year, and paid for by Eunice and Mary Eastman, each paying one half out of her own separate funds. Previous to

January, 1863, there was talk between the plaintiff and the defendant Mary Eastman about who was to get wood for them for the year 1863. This defendant then told the plaintiff that no arrangement had been made, but they had concluded not to have any more last-block wood, to which the plaintiff replied that he was not getting out last-blocks, and did not know as he should get out any more, and proposed to furnish good dry wood for $35 for the year 1863, which proposition was finally accepted ; and it was agreed that one half was to be paid by Eunice, and the other half by Mary Eastman. This was the way he had been paid by them each of the former years, but this year they stipulated not to have any last-block wood. The plaintiff furnished the defendants during the winter of 1863, from the first of January, under this contract, with very good dry wood, as he agreed, and with enough to last until June or July of that year, when he began again to get out last-blocks, and from that time furnished the defendants with last-block wood and nothing else for the remainder of the year. This wood was split from green blocks, and all the seasoning it got was after it was thus split off, and before it was burned by the defendants ; but it was in all respects such as the plaintiff had furnished the defendants for the two former years. This wood the defendants used along through the summer and fall till cold weather, when it was thrown under their shed, frozen, green, and with ice and snow frozen to it, so that it was nearly impossible to burn it; and, for several weeks before they ceased to burn it, the defendants used to bring the wood, and lay it by the stove, and melt off the snow and ice, and then further dry in the stove-oven in order to burn it. While the wood was thus lying by the stove, cloths were kept under it to preserve the carpet, and, as the cloths would get saturated, they were " wrung out" into a common pail, and sometimes they would thus obtain nearly a pailful of water in a day, and the house was thereby kept wet and unwholesome. At length, before the year was out, the defendants procured wood of a good quality from another source. The defendants did not, at any time during the year 1863, while the plaintiff was furnishing the last-block wood, refuse to receive it, nor make any complaint to him that he was not furnishing them with such wood as he contracted to furnish, nor did it appear that the plaintiff knew that they were dissatisfied with the wood he did furnish. Sometime after the expiration of the year 1863 the plaintiff sent Martin P. Burnham, an attorney at law, to call on the defendants for pay for the wood so furnished. Said Burnham called on the defendant Eunice Eastman for one

half ($17.50), and she paid it, protesting that she ought not to, as the wood was not worth it and was not according to the 'contract between them, and took a receipt therefor from said Burnham as attorney for the plaintiff: This payment is admitted by the plaintiff.

"Whether there was such a departure from the contract on the part of the plaintiff that he is not entitled to recover, or whether there was such an acceptance by the defendants of the wood furnished as to make them liable for the contract price, is a question which the auditor submits to the court, on the facts found and reported. He also submits all questions of law arising from said facts.

"If the plaintiff should be allowed to recover no more for the wood than it was worth to the defendants, and that might be measured by considering and allowing for the trouble they had in preparing and burning it, and the injury resulting to the house, etc., then the auditor finds from the evidence, that he has been paid all he is entitled to receive."

Upon the facts reported by the auditor, the court, at the December term, 1867, Peck, J., presiding, rendered judgment for the defendants, to which judgment, as to the defendant Mary Eastman, the plaintiff excepted.

*N. L. Boyden* and *J. W. Rowell*, for the plaintiff.

The difference between the last-block wood and that contracted to be furnished, being *apparent*, it was the duty of the defendants to notify the plaintiff that they should not receive it upon the contract; but their neglecting to do so, and receiving and using the same, and paying in part therefor, as shown by the case, constituted such an acceptance thereof as to preclude the defense that the same was not according to the contract. Having received the wood under the contract, they must abide by it, and can not pay for it at a less price than that charged in the contract. *Wilkins* v. *Stevens*, 8 Vt., 214 ; *Cram* v. *Watson*, 28 Vt., 22 ; *Cole* v. *C. Trans. Co.*, 26 Vt., 87 ; *Downer* v. *Smith*, 32 Vt., 1 ; *Austin* v. *Wheeler*, 16 Vt., 95 ; *Hoadley* v. *House*, 32 Vt., 179 ; *Blish et al.* v. *Granger*, 6 Vt., 340 ; *Esty & Dutton* v. *Read*, 29 Vt., 278 ; 2 Starkie on Ev., 640–644 ; *Grimaldi* v. *White*, 4 Espin., 95 ; *Fisher* v. *Samuda*, 1 Campbell, 190.

The defendants must at least pay what the wood was worth, and that value can not be measured by allowing for their trouble in using the same, and damage to the house, etc. *Mayer* v. *Dwinell*, 29 Vt., 298.; *Brown* v. *Sayles*, 27 Vt., 227.

*Philander Perrin*, for the defendants.

The plaintiff can not recover on the express contract, because he has not performed it on his part, and his performance is a condition precedent to the payment. It was an entire contract, that is, the $35 was to be paid on the performance of his part of the contract. He can not recover on a *quantum meruit*, because an express contract always excludes an implied one in relation to the same matter. *Faxon* v. *Mansfield*, 2 Mass., 147; *Taft* v. *Montague*, 14 Mass., 282; *Stark* v. *Parker*, 2 Pick., 267; *Hayward* v. *Leonard*, 7 Pick., 180; *Olmstead* v. *Beale*, 19 Pick., 528; 2 Smith's L. C., 44; Add. on Con., 1129, 447; Am. Law Reg., vol. 4, 504; 12 Johnson, 165; 13 Johnson, 94; 19 Johnson, 337; 2 New Rep., 61; 2 Kent's Com., 509; 13 Wend., 258; 18 Wend., 187. Where the performance is a condition precedent to the right of recovery, no action can be maintained unless the performance is entire. *Ripley* v. *Chipman*, 13 Vt., 268; *Brown* v. *Kimball*, 12 Vt., 617; *St. Albans S. B. Co.* v. *Wilkins*, 8 Vt., 54. This is the rule in all cases of labor, as in *Winn* v. *Southgate*, 17 Vt., 355, and the present case comes within this class. *Mullen* v. *Gilkinson*, 19 Vt., 503; *Kettle* v. *Harvey and trustees*, 21 Vt., 301.

The opinion of the court was delivered by

WILSON, J. The contract upon which the plaintiff claims to recover, required him to furnish the defendants good dry wood, piled up under their shed, for the year 1863, for the sum of $35, one half to be paid by the defendant Eunice, and the other half by the defendant Mary Eastman. It is conceded by the plaintiff, that he did not perform his contract according to its terms, but it is insisted that the neglect of the defendants to notify the plaintiff they should not receive the wood upon the contract, and their using it and paying in part therefor, constitute such an acceptance

of the wood as should entitle him to recover the contract price. The auditor has not found that the defendants accepted the wood upon the contract, and we are satisfied that the facts reported by him, do not show any such acceptance by the defendants as would render them liable for the stipulated price, or constitute a waiver by them of their legal rights under the contract. The plaintiff, from about the first of July, during the remainder of the year, furnished the last-block wood along from time to time, as he split it from green blocks, and when the defendants commenced using it, they might well suppose the plaintiff would not long continue to furnish them with wood of a different kind from that named in the contract. The wrongful neglect of the plaintiff on his part to perform the contract, placed the defendants in such situation that they were compelled to use wood they had not contracted for, or perhaps suffer still greater inconvenience and damage in procuring it elsewhere. The defendants, therefore, commenced using the wood, and continued to use it through that part of the season in which they could dry it without incurring expense exceeding the whole value of the wood, expecting daily that the next wood the plaintiff should furnish them, would be such as the contract called for. But the plaintiff continued to furnish last-block wood in violation of his agreement, and the defendants, before the year expired, ceased to burn it. The plaintiff did not even ask the defendants if they would accept such wood upon the contract. He did not indicate to them in any manner before or while he was furnishing the last-block wood, or while they were using it, that he claimed or should claim that such wood was according to the terms of the contract. The defendants did not become liable to pay the contract price by reason of their using the wood, nor by reason of their neglect to give further notice to the plaintiff that they should not accept upon the contract an article which the parties had expressly agreed should not be furnished by the plaintiff, and would not be accepted by the defendants. The plaintiff, having stipulated both as to the kind of wood he should furnish and as to wood he should not furnish, had no reason to suppose the defendants would accept the last-block wood, or that

they had accepted it, at the contract price for good dry wood, nor that they would be liable to pay him any more for the wood than it was actually worth to them. The payment of the $17.50 under protest, was not a recognition by the defendants that anything more was due to the plaintiff.

The plaintiff, having failed to comply fully with the terms of the contract, was entitled to compensation for the wood only to the extent of the benefit actually received by the defendants, and the defendants have the right to have deducted from the contract price the amount of damages they have sustained by the non-performance of the entire contract by the plaintiff. *Myrick* v. *Slason et al.*, 19 Vt., 121; *Allen* v. *Hooker*, 25 Vt., 137; *Smith* v. *Foster*, 36 Vt., 705. The auditor has found that the defendants have paid all the wood was worth to them; the plaintiff, therefore, is not entitled to recover.

The judgment of the county court is affirmed.