# HIRAM E. GREGORY

v.

# HARLEY E. TOMLINSON.

### May Term, 1896.

*Letting upon Shares. Lessor must keep good property which he agrees to furnish with farm. Recoupment. Evidence as to, not limited by pleadings.*

1. The defendant let the plaintiff his farm upon shares and agreed "to furnish twenty cows, one horse and harness, all the farming tools, including the dairy utensils." *Held*, that he must replace within a reasonable time any of the cows that died during the term.

2. *Held*, further, that he must supply all necessary farming tools although they were not upon the farm at the time the lease was made.

3. That the parties looked over the farm and personal property before the execution of the lease had no tendency to construe it differently, and such evidence was properly excluded.

4. That the plaintiff did not carry on the farm in a husbandlike manner, was proper subject for recoupment and might be shown under the general issue, nor would the defendant's testimony in that respect be limited to those particulars which he had set up in his notice.

Assumpsit. Plea, the general issue with notice of special matter. Trial by jury at the September term, 1895, Chittenden county, Taft, J., presiding, Verdict and judgment for the plaintiff. The defendant excepts.

*R. E. Brown* and *C. F. Clough* for the defendant.

The relation of landlord and tenant existed between the parties. 4 Am. & Eng. Ency. Law 897, and cases cited; Taylor, Land. & Ten. s. 24.

In the absence of special agreement the landlord is not bound to make good property destroyed during the term. Taylor, Land. & Ten. ss. 327, 328, 329; *Mumford* v. *Brown*, 6 Cow. 475; *Withey* v. *Matthews*, 52 N. Y. 512; *Morris* v. *Tillson*, 81 Ill. 607; *Wheeler* v. *Crawford*, 86 Pa. St. 327; *Moffit* v. *Smith*, 4 N. Y. 126; *Leavitt* v. *Fletcher*, 10 Allen 121; *Hibbard* v. *Newman*, 58 Tex. 285; 12 Am. & Eng. Ency. Law 741.

*V. A. Bullard* and *L. F. Wilbur* for the plaintiff.

The defendant agreed to furnish the cows and farming tools and must stand by his contract. *Harrimon* v. *Emerick*, 9 Wall. 161; *Harmony* v. *Bingham*, 12 N. Y. 99; *Jones* v. *W. U. S.*, 96 U. S. 24; *Adams* v. *Nichols*, 19 Pick. 275; *Phillips* v. *Stevens*, 16 Mass. 238; *School District* v. *Dauchy*, 25 Conn. 530, 194; *Beeby* v. *Johnson*, 19 Wend. 500; *Jarvis* v. *Tomkins*, 1 H. & N. 208; Chitty. Cont. 803 (10 ed.)

ROWELL, J. Defendant let his farm to plaintiff for a year on equal shares, and agreed "to furnish twenty cows, one horse and harness, all the farming tools, including the dairy utensils." There were twenty cows on the farm at the time, and these the defendant furnished at the commencement of the term, and they were the ones that plaintiff expected to have. Four of them died during the term, and defendant did not furnish others in their stead. Nor did he, as the plaintiff's testimony tended to show, furnish a horse during the last three months of the term, nor at any time a suitable plow, harrow, cultivator, horse rake, grindstone, nor double wagon.

Defendant claimed that he was not bound to furnish cows

in place of those that died, nor any farming tools other than such as were on the farm when the lease was executed ; and he offered, but was not permitted, to show, "with a view of construing the lease," that before its execution, the plaintiff looked over the farm, the stock, and the farming tools. But the court charged that the defendant was bound to furnish within a reasonable time, cows in place of those that died, and furnish whatever farming tools were reasonably necessary to carry on the farm.

If this was a mere letting of the cows and the tools, the court was probably in error. But we think it was more. It is manifest that the cows were the tenant's principal source of income. It was natural, therefore, that the contingency of death or other deprivation of them without his fault should be provided against. It was provided against, we think, by the word "furnish," used by the parties. This word imposed an obligation upon the defendant as continuous as the lease. By it he undertook to supply the plaintiff with twenty cows, not only at the commencement of the term, but during the term. No other construction would do justice between the parties. *Brown* v. *Burrington*, 36 Vt. 40, favors this construction. There the landlord was "to find a yoke of oxen to do the work on the farm." The oxen were sold during the term by consent of the tenant and partly for his benefit ; but it was held, nevertheless, that the landlord was under obligation to continue to furnish a team when necessary. "To find" a team and "to furnish" a team are the same thing. "To find" twenty cows and "to furnish" twenty cows are the same thing.

This is also an answer to the claim of error in the charge as to the farming tools.

The testimony excluded would not aid to give the lease a different construction from what we give it, but rather, the same construction. It does not appear that the court charged that the wagon is a tool, within the meaning of the lease.

The defendant gave notice under the general issue, among other things, that he would give in evidence and rely upon in defense, that the plaintiff did not carry on the farm in a good husbandlike manner, did not cut and harvest the hay in a good husbandlike manner, and did not take proper care of the corn and the potato crop. He claimed on trial that the plaintiff did not carry on the farm in a good husbandlike manner, and had violated the lease to such an extent that ejectment could have been maintained against him; and offered to show how much land he plowed, if any, how much he harrowed, and the manner in which he did the haying. Defendant was permitted to give evidence as to all matters of which he complained in his notice that the plaintiff was negligent, but no further, and he did not therein complain about the plowing and harrowing.

The matter of bad husbandry was a proper subject of recoupment under the general issue. *Allen* v. *Hooker*, 25 Vt. 137; *Keyes* v. *Western Vermont Slate Co.* 34 Vt. 81, 84. Giving notice of that defense, and therein specifying the particulars in which it was claimed to consist, did not abridge the defendant's right to show it under the general issue, and that it also consisted in other things than those specified in the notice; for the notice must be treated as a pleading, and cannot be regarded as a specification and therefore a limitation of, proof. Pleading specially what is admissible under the general issue, does not abridge the scope of the proof under the general issue. It was said in *Bowen* v. *Hall*, 20 Vt. 232, 244, that the fact that the defendant attempted to justify the alleged slander by pleading the truth of the words, ought not to be allowed to abridge, in any degree, his right under the general issue in respect of showing in mitigation of damages the general bad character of the plaintiff in regard to the offence imputed.

*Judgment reversed and cause remanded.*