READ & DAVIS *v.* W. S. REYNOLDS ET AL.

January Term, 1921.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 11, 1921.

*Evidence—Authority of Agent—Presumption in Support of Rul-*
*ing Below—Parol Evidence Affecting Written Contract—*
*Exclusion of Evidence not Error in Absence of Offer—Di-*
*rection of Verdict not Reviewable in Absence of Transcript.*

1.  In an action on a written contract whereby defendants sold cer-
    tain timber to plaintiffs and agreed to cut and deliver the
    same, evidence that plaintiffs told defendants that T., who was
    to mill the lumber, would pick out the place for setting the
    mill and would let them know when he was ready to saw,
    was insufficient to establish T.'s agency to direct defendants
    to cease cutting hardwood under their contract.
2.  In support of the ruling below, the Court will make every pre-
    sumption in its favor which is not positively inconsistent with
    the record.
3.  Where the evidence stated in the exceptions was insufficient to
    show the authority of an agent, and the exceptions did not
    show that other evidence of agency was not introduced, the
    Court, to sustain the ruling below, assumed that the transcript,
    if before it, would have supplied sufficient evidence of that
    fact.
4.  The terms of the written contract being clear and unambiguous,
    evidence that, at the time it was executed, the parties under-
    stood that the reason the plaintiffs bought the lumber was the
    defendants' agreement to cut and deliver it, was immaterial,
    and properly excluded.
5.  Error did not appear in the exclusion of "the circumstances and
    conditions under which the contract was surrounded," in the
    absence of a statement of what they were, or how they affected
    the contract or its meaning.
6.  The direction of a verdict will not be considered in the absence
    of the transcript.

ACTION OF CONTRACT. Answer containing a general denial and setting up facts on which defendants claimed a judgment in offset for a balance their due. Trial by jury at the June Term, 1920, Windsor County, *Moulton*, J., presiding. At the close of the plaintiffs' evidence the Court directed a verdict for the defendants. Judgment on the verdict. The plaintiffs excepted. The opinion states the case.

*D. A. Pingree* for the plaintiffs.

*Charles Batchelder* for the defendants.

POWERS, J.   This is an action on a written contract by the terms of which the defendants sold certain standing timber to the plaintiffs and agreed to cut and deliver the same. The defendants filed an answer containing a general denial and setting up facts on which they claimed a judgment in offset for a balance their due. Issue was joined to a jury, and at the close of the plaintiffs' evidence the court ordered a verdict for the defendants. The plaintiffs excepted.

[1-3]   Subject to the plaintiffs' exception, W. S. Reynolds, one of the defendants, was allowed to testify that C. P. Truell directed them to cease cutting hardwood under the contract. Truell was the man who was to mill the timber, and the admissibility of this evidence depended upon his being the plaintiffs' agent in giving this direction.   The exceptions show that one of the plaintiffs had a conversation with the witness regarding Truell at the time the contract in question was signed, and that he then said to the witness that Truell would pick out the place for setting the mill, and when it was located the lumber was to be drawn to it, and that when Truell was ready to saw he would let the defendants know.   This is all the evidence shown by the exceptions tending to prove Truell's agency, and, if that is all there was to it, the evidence fell short of establishing or tending to establish an agency to give the direction testified to, and the admission of the evidence was error.   But in support of the ruling below, we must make every presumption in its favor which is not positively inconsistent with the record.   *Campbell* v. *Patterson*, 7 Vt. 86; *Prior* v. *Wilbur*, 63 Vt. 407, 22 Atl. 74; *Usher* v. *Severance*, 86 Vt. 523, 86 Atl. 741.   The exceptions do not show that other evidence of Truell's agency was not introduced, and to

sustain the ruling we must assume that the transcript, if before us, would supply sufficient evidence of that essential fact. This exception, then, is unavailing.

[4]    The plaintiffs offered to show that it was understood between the parties at the time the contract was executed that the reason the plaintiffs bought the lumber at the price named was the defendants' agreement to operate the lots. The purpose of this offer, as stated by counsel, was to show that the contract was entire—''that one part depends upon the other and is inseparable from it''. This offer was excluded and the plaintiffs excepted. The offered evidence would have added nothing to the force or effect of the contract. Its terms were clear and unambiguous, and its construction for the court. One provision was as binding as the other, and required no extrinsic evidence to make it so. The ruling was without error.

[5]    Another offer was made by the plaintiffs—to show ''the circumstances and conditions under which the contract was surrounded.'' But what these circumstances and conditions were, or how they affected the contract or its meaning, was not stated; so we cannot say that they were admissible or that any harm resulted from their exclusion.

[6]    The direction of a verdict cannot be discussed in the absence of the transcript, of course; indeed, the plaintiffs do not brief it.

*Judgment affirmed.*