RUTLAND SASH & DOOR CO. *v.* MARY B. GLEASON.

Special Term at Rutland, November, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed November 7, 1924.

*Pleading—Matters of Recoupment Admissible Under General Issue—Contracts—Construction of Cost Plus Contract— Burden of Proof as to Reasonableness of Time Consumed in Doing Work—Expert Testimony Admissible on Reasonableness of Time—Market Value Admissible on Reasonableness of Charges for Lumber—Construction of Exception—Competency of Witness Preliminary Question for Trial Court— Conclusiveness of Court's Determination of Competency— Previous Estimate of Cost of Millwork Admissible on Reasonableness of Charges Made Therefor—Objection to Evidence Cured by Admission of Other Evidence—Letter as Best Evidence of Objection to Charges—Order of Testimony Matter of Discretion—Harmless Error—Presumption in Support of Ruling of Trial Court in Excluding Evidence— New Trial—Motion to Set Aside Verdict Addressed to Trial Court's Discretion—Presumptions in Support of Trial Court's Ruling—Verdict of Jury as to Damages Held Justified by Evidence.*

1. Recoupment, not being an affirmative defense, but essentially a rule of damages based upon the principle that a party who has failed to perform his part of a contract fully can recover only according to the benefit the other party has received, the Practice Act has not changed the established rule that proper subject-matters of recoupment need not be specially pleaded, but may be shown under the general issue.

2. Agreement in a building contract to furnish millwork for the building at cost of lumber, plus 10%, and plus labor of milling at $1.50 per hour for man and machine, implies an understanding that only the time reasonably necessary to perform the work shall be charged for.

3. In action by milling contractor on such a contract, the plaintiff has the burden of showing, not only that the time charged was

actually spent, but, if questioned, that it was reasonably necessary.

4. Where the time reasonably necessary to perform certain millwork was in issue,˙ expert testimony as to amount of time that should˙ be required for a workman of average skill to perform the several pieces of work involved in the contract for millwork was admissible.

5. Where compensation fixed in a contract for lumber for millwork was the actual cost to plaintiff, plus 10%, and the evidence showed the lumber to have been bought by plaintiff "log run" and then to have been sorted out by him to procure lumber for the contract, and that plaintiff charged therefor what it was deemed worth when graded, evidence of market value of the particular grade furnished was admissible to test reasonableness of charge.

6. Exception *held* not to be to the implied ruling that witness was qualified, but to his testimony as to market value.

7. Where there was evidence tending to show that witness, whose testimony was offered as an expert on question of market value, was qualified to speak, the question of qualification was a preliminary one for the trial court, and not reviewable.

8. Where a few months prior to the execution of a cost plus contract for millwork, under which plaintiff was seeking to˙ recover, he had submitted to defendant a detailed estimate of the cost of such millwork in connection with his bid for the work, such estimate was admissible on the question of the reasonableness of the charges made for labor under the cost plus contract.

9. On exceptions in Supreme Court, objections inadequately briefed need not be considered.

10. In an action by contractor on a cost plus contract for millwork, in which the question of the reasonableness of charge made therefor was involved, admission of evidence on cross-examination of plaintiff's treasurer that during the same period contractor had sold other customers lumber at a less price than defendant, over objection that it had not been shown that lumber was of the same grade, was not error, where evidence subsequently introduced was sufficient to make the latter question one for the jury.

11. In such an action, where plaintiff had introduced evidence tending to show that defendant's representative had invoices from

time to time containing charges for lumber and labor and had checked the records at plaintiff's office without complaint, it was material for defendant to show that charges were objected to, and letter of defendant's architect making complaint thereof was admissible as the best evidence.

12.   The admission of letters on cross-examination of a witness which were otherwise admissible, over objection that such letters did not relate to matters of proper cross-examination, even if they did not, was not reversible error, the order of testimony being a matter of discretion.

13.   Plaintiff *held* not to have been prejudiced by admission of letter, offered by defendant, containing references to a lump sum offer by plaintiff, where facts in reference to the matter already appeared in evidence, for the most part introduced by plaintiff.

14.   Admission of plaintiff's letter, introduced by defendant, containing nothing inconsistent with plaintiff's claims at the trial, but seeking to justify charges made by plaintiff, *held* without error.

15.   Where a question excluded on cross-examination of a witness was outside proper cross-examination, it will be presumed in support of the ruling, the contrary not appearing, that the evidence was excluded on that ground.

16.   Motion to set aside verdict as inadequate and insufficient and contrary to the weight of evidence and to law is addressed to the discretion of trial court, whose decision in denying motion is reviewable only when abuse of discretion is made to appear,

17.   On review of ruling of trial court denying such a motion, Supreme Court must indulge every reasonable presumption consistent with the record in favor of the ruling below.

18.   Evidence *held* to justify verdict of jury as to damages allowed plaintiff where reasonableness of charges made on cost plus contract was involved.


ACTION OF CONTRACT.   Plea, general denial.   Trial by jury at the November Term, 1923, Rutland County, *Chase*, J., presiding.   Verdict and judgment for plaintiff for the sum of $500.00.   The plaintiff excepted.   The opinion states the case. *Affirmed.*

*Webber & Leamy* for the plaintiff.

*Holden & Healy* and *Lawrence, Stafford & Bloomer* for the defendant.

TAYLOR, J.   The plaintiff furnished certain lumber and other building materials for a house being constructed for the defendant under a contract to furnish the "millwork" on the house on the basis of cost of the lumber when kiln-dried, plus 10 per cent., plus milling at $1.50 per hour for man and machine, plus trucking to be charged at cost.   The plaintiff furnished all the millwork for the exterior and interior finish of the building, which included practically all the material for the house with the exception of the frame, rough boarding, roofing, lathing, and plastering.   It had nothing to do with the construction of the building, that being done by the defendant.   From time to time as the material was furnished the plaintiff invoiced the lumber and work and the defendant made payments on account.   The invoices totaled $12,613.55 and the credits amounted to $7,311.75, leaving a balance claimed by the plaintiff of $5,301.80 for which the action on contract is brought.   The defendant filed no answer, so under the rules of court the general denial is to be treated as filed.   The trial was by jury resulting in a verdict for the plaintiff for $500.   The case is here on plaintiff's exceptions to the admission and exclusion of evidence and the refusal of the court to set the verdict aside.

The amount of lumber furnished was not in dispute.   The defendant relied upon the claims that the lumber was charged to her at a rate greatly in excess of its cost; that the plaintiff overcharged for labor; and that the lumber was not properly kiln-dried, as a result of which the woodwork shrank and did not retain its shape after it was installed in the house.   These issues were submitted to the jury in a charge to which the plaintiff did not except.   The first exceptions briefed raise the question whether the defendant was entitled under the pleadings to recoup her damages resulting from plaintiff's failure to kiln-dry the lumber properly.   Testimony as to the cost of taking down and replacing work which was defective because the wood was not properly kiln-dried was admitted under exception against the objection that recoupment is not permissible under the general denial.

[1]   Prior to the adoption of the Practice Act it was settled by repeated decisions that proper subject-matters of recoup-

ment need not be specially pleaded, but could be shown under the general issue. *Gregory* v. *Tomlinson,* 68 Vt. 410, 35 Atl. 350; *Wilson* v. *Greensboro,* 54 Vt. 533; *Keyes* v. *Western Vermont Slate Co.,* 34 Vt. 81. The plaintiff claims that recoupment is an affirmative defense, which under the Practice Act should be specially pleaded, relying upon *Howard National Bank* v. *Wilson,* 96 Vt. 438, 120 Atl. 889, and other cases. But recoupment properly understood is not an affirmative defense. Matter of recoupment is not interposed as a bar to the plaintiff's right of recovery, but rather in mitigation or reduction of his damages. It is properly applicable to a case where the same contract imposes mutual duties and obligations on the two parties. It allows a defendant to show, in reduction of the plaintiff's claim, damages occasioned by the plaintiff's failure to perform the contract on his part. Thus in actions to recover for the performance of services or for the price of goods or chattels sold, and where a certain price has been agreed to be paid, the defendant may reduce the plaintiff's recovery below the stipulated price by proving that the services were unskilfully or negligently performed, or that the goods sold were not of the quality bargained for, and so were of less value than the contract price. *Keyes* v. *Western Vermont Slate Co., supra; Davenport* v. *Hubbard,* 46 Vt. 200, 207, 14 A. R. 620. The doctrine is essentially a rule of damages based upon the principle that a party who has failed to perform his part of the contract fully can recover only according to the benefit the other party has received. It is analogous to a recovery *quantum meruit,* to which it is likened in some of the cases. See *Kelly* v. *Town of Bradford,* 33 Vt. 35; *Eddy* v. *Clement,* 38 Vt. 486; *Allen* v. *Hooker,* 25 Vt. 137; *Andrews* v. *Eastman,* 41 Vt. 134, 98 A. D. 570. The Practice Act has not changed the rule that matters of recoupment are admissible though not specially pleaded.

The discussion of a group of exceptions to the admission of evidence involves the construction of certain provisions of the contract. The "millwork" which the plaintiff agreed to furnish included lumber and the labor required to prepare it for use in the building. By terms of the contract the defendant was to pay for the lumber on the basis of its cost when kiln-dried plus 10 per cent., and for the labor milling it at $1.50 per hour for man and machine. Among the articles manufactured by the plaintiff for the building were door frames, doors, book

cases, storm sash, and shutters, as to which the defendant specially questioned the charges for labor. The plaintiff's evidence tended to show that the time charged was actually spent on the work. Under exception the defendant was permitted to show by expert testimony the amount of time that should be required for a workman of average skill to perform the several pieces of work, which evidence tended to show that the defendant had been greatly overcharged. Considerable of the lumber furnished was pine and basswood for which the plaintiff charged $100 per thousand. To meet the plaintiff's testimony that the lumber of the grade furnished, including kiln-drying, cost the amount charged, the defendant was permitted to show under exception the market value of that grade of lumber at the time in question, which was considerably less than the price charged. It had appeared from plaintiff's evidence that much of the lumber had been bought at a considerably less price ''log run'' and that the best quality, such as was furnished the defendant, was sorted out.

[2-4]   The court held, construing the contract, that the plaintiff was entitled to charge on account of labor only for the time actually and necessarily spent and for the lumber furnished the defendant no more than its actual cost—what it actually paid for it, including the expense of kiln-drying, which was agreed to at $6.00 per thousand. This was as favorable a construction as the plaintiff was entitled to, and was satisfactory, for the charge on the subject was not excepted to. The evidence respecting the time required for a workman of average skill to perform the work in question was objected to on the ground that the test under the contract was the time actually expended on the work and not how long it ought to take to do the work. But the objection falls when full effect is given to the contract. The agreement to pay for the work by the hour implies an understanding that only the time reasonably necessary to perform the work shall be charged for. Not only must the plaintiff show that the time charged was actually spent but, if questioned, that it was properly spent—in other words, that it was reasonably necessary. It is not to be supposed that the parties to the contract intended any thing short of this. The cases in other jurisdictions illustrating this principle are collected in notes found in 2 A. L. R. 126 and 27 A. L. R. 48. The time reasonably necessary to per-

form the particular work in question being in issue, it manifestly was not error to admit the testimony objected to.

[5]   Nor was it error in the circumstances to admit evidence of the market value of the lumber furnished.   The compensation fixed by the contract was the actual cost to the plaintiff.   It would be entitled to no profit on the lumber except the 10 per cent., and could charge only what in good faith was paid for it plus the agreed profit.   If the plaintiff had purchased the lumber already graded, it should seem that its market value would be material in determining whether a reasonable price was paid for it.   Certainly, when, as here, the plaintiff charges not what was actually paid for the lumber, but what it is deemed to be worth when graded, the market value of the particular grade is properly resorted to to test the reasonableness of the charge.   Indeed, it is held in some cases that the charge for materials under a cost plus contract should not exceed their fair market value.   See *Lytle, Campbell & Co.* v. *Somers, Fitler & Tood Co.*, 276 Pa. 409, 120 Atl. 409, 27 A. L. R. 41.   It is evident that the plaintiff has no just ground of complaint respecting the ruling excepted to.

[6, 7]   The plaintiff treats the exception to the evidence of market value as saving the objection that the witness was not shown to be qualified.   After the objection was interposed, additional testimony relating to the qualification of the witness was introduced.   Thereupon, the court ruled:   "Now you may have an answer to the other question," to which the plaintiff was allowed an exception.   It thus appears that the exception was not to the implied ruling that the witness was qualified, but to the testimony as to market value.   But given the scope claimed by the plaintiff, the exception avails nothing.   There was evidence tending to show that the witness was qualified to speak, which made the question of qualification a preliminary question for the court and not reviewable.   *Brown* v. *Aitken,* 90 Vt. 569, 573, 99 Atl. 265; *Holbrook Grocery Co.* v. *Armstrong,* 97 Vt. 197, 122 Atl. 458.

[8, 9]   Defendant's Exhibit B was a document containing a detailed estimate of the cost of the millwork in question made by Mr. Remington, the plaintiff's general manager, who, as a witness for the plaintiff, testified in support of the charges for the labor and materials.   It was the basis of a lump sum bid on the identical work at $7,987, submitted in the fall before the contract in issue was entered into but not accepted by the de-

fendant or her contractor.   Reference is made to this offer in the correspondence which embodies the contract as follows:   Under date of May 5, 1922, the defendant's agent inquired, "can you give us any idea how much difference this proposition (the cost plus offer) will make in the total cost of the mill work from your price of last fall, $7,987?   If possible I should like to arrive at some approximate sum to be spent on mill work to finish the job."   In a letter to the agent under the same date (May 8, 1922) as the letter to the defendant containing the proposal that was accepted, Mr. Remington writing for the plaintiff said: "You ask me in your letter if I should give you any idea about what the discount would be under this new arrangement.   I would say that there would be approximately a discount of fifteen per cent. under this arrangement."   After suggesting how expense might be reduced by cooperation, the letter continues: "We are very anxious to keep down the expense on the job and if it would be considerably less than the fifteen per cent. it would be to our advantage to do so."   By letter under date of May 9, 1922, the agent accepted the plaintiff's proposal for the defendant.   These four letters were introduced in evidence by the plaintiff to prove the contract.   In Mr. Remington's direct examination he was inquired of somewhat in detail concerning the prior offer and the reference to it in the correspondence.   In cross-examination he testified without objection that he had made a bid on the millwork the fall before of $7,987, which the witness later characterized as "an estimate" and again as "the upset figure."   The witness had testified that the millwork he was to do was not shown on a detailed statement, and that he did not to his knowledge receive such a statement from the defendant's representative.   He was shown Exhibit B, and testified that it had not been in his possession when the estimate was made, and that he couldn't say in whose handwriting the figures relating to the estimate were.   The defendant's evidence tended to show that the millwork furnished by the plaintiff was itemized in the exhibit; that the document was delivered to Mr. Remington in the fall of 1921 for the purpose of having him make an estimate of the millwork; that it was later returned by him with the penciled figures on it giving the estimate in detail, aggregating the amount of the bid; and that it did not have the figures on it when delivered to him.   The exhibit was then offered as bearing on the reasonableness of the charges for labor and for the pur-

pose of contradicting Mr. Remington's testimony. Numerous objections were interposed, but we have occasion to consider only such as are adequately briefed.

The principal ground of objection is that under the cost plus contract it was not a question of value of services and materials, nor of reasonableness of the charges, but that the plaintiff was entitled to recover on the basis of cost and time expended regardless of whether the charges were reasonable. It is argued that where the parties agree to a certain price, they are bound by the agreement whether the prices are reasonable or not, and that to admit evidence of an estimate which was rejected would allow a recovery upon an entirely different basis than that agreed upon. But as we have seen the question of the reasonableness of the charges for labor was a proper issue in the case. It is not claimed, nor could it well be, that plaintiff's estimate of the cost of certain work, for which twice or three times as much was charged, did not tend to show that the charge therefor was unreasonable. The jury were instructed respecting the use to be made of the exhibit as evidence in a manner not excepted to. There is no force to the objection that the estimate was made between different parties, at a different time and under conditions not shown to be the same as existed at the time the work was performed. It was a proposal for the same work, giving an estimate of the time required. The significance of the evidence lies in the fact that the time charged so greatly exceeded the time estimated—a discrepancy which the plaintiff would have an opportunity to explain but which, unexplained, would certainly warrant the jury in finding the charge to be unreasonable. The reference to the estimate and the use made of it in the correspondence which embodied the contract disposes of several of the minor objections. The exception to the admission of the exhibit must be overruled.

[10]    The defendant was permitted to show in cross-examination of the plaintiff's treasurer that less was charged for native pine lumber furnished other customers during the time in question than was charged the defendant. Plaintiff's book of accounts showed that the same descriptive words, "native pine," were used in the several instances. The ground of objection was that it had not been shown that the lumber was of the same grade as that furnished the defendant. This objection is now relied upon, notwithstanding evidence was later introduced sufficient

to make that a question for the jury.   It follows that the exceptions taken when the evidence was admitted should be overruled.

[11-14]   The plaintiff argues exceptions to the admission of letters marked defendant's Exhibit C and D.   The former was a letter written by the defendant's architect addressed to the plaintiff under date of October 21, 1922, after the work was nearly or quite completed, and the latter the plaintiff's reply dictated by Mr. Remington.   The letters were admitted in connection with Mr. Remington's cross-examination.   The plaintiff had introduced testimony tending to show that the defendant's representative, Mr. Salisbury, had invoices from time to time containing charges for the lumber and labor, and had checked up the records of the plaintiff at its office in Rutland, without complaint that the defendant was being overcharged.   The purpose of this evidence was plainly to afford a basis of an argument against the defendant.   In this state of the evidence it would be material for the defendant to show that the charges were objected to.   For this purpose at least defendant's Exhibit C was admissible, it being the best evidence of the complaint.   It was objected that the letters did not relate to matters of proper cross-examination.   If so, their admission at that time would not be reversible error, the order of the testimony being a matter of discretion.   The plaintiff more particularly complains of the references in the letter to the lump sum offer; but it could not possibly have been prejudiced thereby, since the facts with reference to the matter already appeared in evidence for the most part introduced by the plaintiff itself.   It is not claimed in the brief that the plaintiff was harmed by the admission of Exhibit D.   It contained nothing inconsistent with the claims made at the trial, but, on the other hand, sought to justify the charges. It seems more probable that the plaintiff was benefited by the admission of its reply than that it was harmed thereby.   It must be held that these exceptions do not present reversible error.

[15]   A witness called by the defendant had testified to delivering Exhibit B to Mr. Remington and its return with the figures thereon to which reference has already been made.   The plaintiff offered to show in cross-examination that the same work was submitted at or about the same time to a concern in North Adams which made a bid of $12,000.   On objection the offer was excluded, and the plaintiff had an exception.   It is a sufficient

answer that the offer was outside of proper cross-examination, and it must be presumed in support of the ruling, the contrary not appearing, that the evidence was excluded on that ground. *Read & Davis* v. *Reynolds,* 95 Vt. 45, 112 Atl. 359.

[16, 17]   The remaining exception was saved to the action of the court in denying a motion to set aside the verdict.   The grounds of the motion were that the verdict was inadequate and insufficient, that it was contrary to the weight of the evidence, and that it was contrary to law.   The plaintiff recognizes that such a motion is addressed to the discretion of the trial court and reviewable only when abuse of discretion is made to appear. *Hannah* v. *Hannah,* 96 Vt. 469, 120 Atl. 886; *Schlitz* v. *Lowell Mut. Fire Ins. Co.,* 96 Vt. 337, 119 Atl. 513.   It undertakes to show that there is no possible view of the evidence justifying the reduction of its claim by about $4,800.   But counsel overlook some of the evidence and fail, where it is conflicting, to give the defendant the benefit of the more favorable view of much of it.   It is our duty to indulge every reasonable presumption consistent with the record in favor of the ruling below.

[18]   As we have seen, the evidence made an issue for the jury as to the reasonableness of the charge for lumber and labor and as to the amount of damage on account of defective wood work due to faulty kiln-drying.   The total amount of lumber according to the plaintiff's computation was 24,782 feet, which was charged to the defendant at $100 per thousand.   On the evidence, it cost the plaintiff from $35 to $80 per thousand, log run.   The total number of hours charged was 5,392.   There was evidence tending to show that for a very substantial part of the work the time charged was at least double what should reasonably have been required.   Finally, there was evidence tending to show that the defendant's damages which she sought to recoup amounted to $4,000.   It requires no argument to show that the verdict can be justified by the evidence.   The issues were submitted to the jury with eminent fairness, and, as well, to the plaintiff's satisfaction, for no exception was taken.   In the circumstances, the trial court could not well do otherwise than to deny the motion to set the verdict aside.   It is suggested in argument that the account should be treated as settled to August 1, as the bills were paid in full to that date; but that was not the theory on which the case was tried and submitted, as fairly appears from the record.   The payments were made on account,

so the record says, and there is nothing to show that the defendant was precluded from a defense covering all of the questioned items.

*Judgment affirmed.*