## STATE *v.* ADOLPH ZIELONKO.

January Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed May 2, 1928.

*F. G. Bicknell* and *H. G. Tupper* for the respondent.

*Robert R. Twitchell,* State's attorney, for the State.

CHASE, J. ■ The respondent was convicted of the illegal sale in December, 1926, of intoxicating liquor to one Benjamin. In presenting its case, the State was permitted to show under exception that during the previous March his premises had been searched by an officer and nine gallons of alcohol found. Such evidence served merely to identify the respondent with contraband liquor nine months previous to the alleged commission of the offense charged against him in this case. It also appeared that this alcohol was destroyed. The admission of the evidence objected to violated the general rule stated in *State* v. *Donaluzzi,* 94 Vt. 142, 109 Atl. 57, did not fall within any of the exceptions to the rule, and was error. *State* v. *Williams,* 94 Vt. 423, 111 Atl. 701.

■ The respondent, however, was a witness in his own defense. He testified on cross-examination, without objection, that he was convicted of the illegal possession of liquor in March, paid a fine and the costs of the condemnation proceedings. This evidence was received generally without any request to limit it to any particular purpose. No exception having been taken to its admission, it may be used without regard to whether or not it could have been confined to the impeachment of the witness. It does, therefore, cure the error in admitting evidence to show the search and seizure in March. *State* v. *Pierce,* 88 Vt. 277, 92 Atl. 218; *Rutland Sash & Door Co.* v. *Gleason,* 98 Vt. 215, 224, 126 Atl. 577; *Murray* v. *Nelson,* 97 Vt. 101, 108, 122 Atl. 519; and *Blowe, Appt.* v. *State,* 130 Miss. 112, 93 So. 577, 24 A. L. R. 1429.

During the argument of the State's attorney, an exception was taken, but the record does not show what was said by him. It appears from the exception and from the remark of the presiding judge that it had to do with a claim that Benjamin, the witness to whom the evidence tended to show the respondent sold liquor, had been at the respondent's store more than once on the evening of the alleged sale. It had been shown that a man named Blake had taken Benjamin out in an automobile to try to obtain some liquor; that they had not procured any, and, on returning from their trip, had stopped at a garage not far from the respondent's store; that Blake had gone into the garage leaving Benjamin outside in the car; that after about half an hour Blake came out of the garage and found that Benjamin had gone. Blake started to drive home alone, and on his way saw Benjamin on the street, took him in, and carried him to his (Blake's) home, where Benjamin then had with him a pint of alcohol, which was drunk by the two with some other men then present. Benjamin afterward left Blake's and went to the respondent's store, where he purchased of the respondent, according to his testimony, a pint of alcohol. There was nothing in the case, other than here stated, to show where Benjamin got the alcohol which was drunk at Blake's. The circumstances shown were too meagre and colorless, so far as they concerned the respondent, to charge him with the sale of that pint of alcohol. They show merely that his store was near the garage where Blake and Benjamin stopped; a condition which doubtless applied with equal effect to others and not to the respondent alone. The record, however, is so lacking in its failure to bring to us what the State's attorney actually said that we cannot perceive more than a claim made that the evidence tended to show two visits by Benjamin. Although, as we have seen, the evidence did not come up to what the attorney claimed for it, he had the right to argue that it did. *Ryder* v. *Last Block Co.,* 91 Vt. 158, 99 Atl. 733.

Yet, what the attorney might argue that the evidence tended to show and be harmless if followed by a proper charge is not necessarily what the court might submit to the jury. Here the argument was followed by a charge which permitted the jury to find the respondent guilty of the sale to Benjamin of the pint of alcohol which was drunk at Blake's as well as of the sale of the alcohol which Benjamin testified he purchased of

the respondent after he left Blake's. To this charge an exception was allowed, which must be sustained.

There was no evidence which went beyond the realm of mere conjecture to warrant submitting to the jury the claimed sale of the first pint of alcohol.

*Judgment and sentence reversed and cause remanded.*