## L. Belle Barker *vs.* Rhode Island Company.

### JUNE 23, 1913.

Present: Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1) Negligence. Evidence. Damages.*

In a personal injury action against a common carrier, the plaintiff cannot show as an element of damage the amount of money loaned her by her husband for medicine, medical attendance and expenses incident to the sickness, since the husband is liable in law for all such expenses, and the wife is under no legal obligation to repay such money and cannot recover it from defendant.

*(2) Negligence. Evidence.*

In a personal injury action against a common carrier, defendant may show that during the period in which plaintiff claimed to be very ill and in a serious nervous condition, the noise in her tenement was such that witness protested against it.

*(3) Negligence. Evidence.*

In a personal injury action against a common carrier, evidence that during the period that plaintiff claimed she was confined to the house as a result of the injury, bundles which looked like millinery bundles were taken to and from her house, was properly excluded since, although plaintiff was a milliner, the evidence would not lead reasonably to the conclusion that she was in fact attending to her business.

*(4) Negligence. Evidence.*

In a personal injury action against a common carrier, where a claim agent of defendant had testified that he visited plaintiff, informed her of his identity and purpose and that she said she was not hurt in the collision, question if plaintiff made a statement as to whether or not she would make a claim was improperly excluded.

*(5) Evidence. Surprise.*

Where counsel is surprised by the answer of his own witness the trial court may in its discretion permit him to inquire whether at a previous trial witness had not made statements inconsistent with his present testimony. The extent to which counsel may go is entirely within the discretion of the court, and unless there has been an abuse of such discretion, the refusal of the court to permit such question to be asked is not subject to exception.

*(6) Negligence. Pleading. Aggravation of Former Injury.*

In a personal injury action plaintiff is entitled to recover if it should appear that her condition was due to an aggravation of an old ailment caused by the accident, although there was no averment in the declaration of damage resulting from such aggravation.

TRESPASS ON THE CASE FOR NEGLIGENCE.  Heard on exceptions of defendant and sustained.

SWEETLAND, J.  This suit is an action of negligence brought by a passenger upon one of the defendant's cars, who alleges that she was injured in a collision caused by the negligence of the defendant's servant in allowing the car on which she was a passenger to strike against another car of the defendant company upon its track on North Main street, in the city of Providence.  The case was tried before a justice of the Superior Court, sitting with a jury, and resulted in a verdict for the plaintiff.  The defendant's motion for a new trial was denied by said justice.  The case is before us upon the defendant's exceptions to certain rulings of said justice made at the trial and to the decision of said justice upon the motion for a new trial.

(1)  By an exception numbered "8" in the bill of exceptions, the defendant excepted to the ruling of said justice permitting the plaintiff to show, by the testimony of her husband, the amount of money he had advanced or loaned to her to pay for medicine, medical attendance and expenses incident to the sickness which she claims resulted from the injuries received by her in said collision.  The ruling was erroneous.  This is an attempt on the part of the plaintiff to increase the amount of her damages by putting in evidence a matter which was not an element of her damage. The husband was liable in law to pay for her medicines and medical care.  If the plaintiff and her husband saw fit to call the transaction, in which he furnished the money to her for that purpose, a loan of said money nevertheless the so-called loan created no binding legal obligation on her part to repay such money.  A promise on her part to repay would be without legal consideration; and she should not be permitted to recover from the defendant in this action the money so funished by her husband.

By an exception numbered "12" in the bill of exceptions the defendant excepted to the ruling of said justice refusing

(2) to permit the defendant to show by the testimony of a neighbor living in the same house with the Barker family that during the period when the plaintiff claimed that she was very ill at her home and in a very serious nervous condition the noise of "playing the piano late and jigging" came from the tenement occupied by the Barker family to such an annoying extent that said neighbor protested against it. The defendant claimed at the trial that the plaintiff was very greatly exaggerating the seriousness of her physical condition. In support of that we think it should have been permitted to show the extent to which, during the period when the plaintiff claimed she was very sick and nervous, she and her husband allowed the noise of piano playing and dancing to continue in their tenement late into the night. Although the matter is not very important we are of the opinion that the exception should be sustained.

(3) By exceptions numbered 13 and 14 in the bill of exceptions the defendant excepted to the rulings of said justice refusing to permit the defendant to show by testimony that during the period when the plaintiff claimed that she was confined to her home as a result of said injuries her mother-in-law in the evening carried to the plaintiff's house bundles which looked like millinery bundles and that bundles of similar appearance were taken away in the morning. The plaintiff was by occupation a milliner; and the defendant sought to introduce this testimony for the purpose of showing that during the period when the plaintiff claimed that she was confined to her home and to her bed she was in fact attending to her ordinary business. The testimony in question if admitted would not lead reasonably to such conclusion. The exception should be overruled.

(4) By exception numbered "16" in the bill of exceptions the defendant excepted to the ruling of said justice refusing to permit the defendant to ask one of its witnesses the question, "Did she make a statement to you whether or not she would make a claim?" The witness was a claim agent of the defendant who testified that he visited the plaintiff on

the day after the alleged accident; that he told her whom he represented and the purpose of his visit; that she said she was in the car in question on the day before and was not hurt in the collision. Following that testimony we see no valid objection to the question under consideration. This exception should be sustained.

By exceptions numbered seventeen, eighteen and nineteen in the bill of exceptions the defendant excepted to rulings of the justice presiding refusing to permit the defendant to read to one of its witnesses, then upon the stand, portions of her testimony taken at a previous trial of this case. The defendant's counsel apparently was surprised by certain answers given by the witness in cross-examination and stated to the court that he wished to read to the witness from the transcript of her testimony given at the former trial for the purpose of refreshing her recollection. It is settled that the judge presiding at a trial may in his discretion permit counsel who is surprised by the answer of his own witness to ask if the witness has not on some previous occasion made a statement different from the one testified to. This is permitted not for the purpose of laying the foundation for the impeachment of his own witness, but for the purpose of permitting an explanation of the contradictory statement and if the explanation should not be satisfactory for the purpose of neutralizing the effect of the testimony. Such interrogation is admissible only when the judge is satisfied that the counsel is surprised by the adverse testimony. Also a witness may be permitted, and may be required, to refer to writings or memoranda written or examined by him contemporaneously with the transaction to refresh and assist his memory with regard to the transaction. These two principles are held by some courts to have no relation to each other. The permission given to counsel who is surprised to ask a leading question of his own witness does not depend upon whether the previous contradictory statement was or not contemporaneous with the fact to which it relates. And the permission given to have a

witness refer to a memorandum and refresh his recollection does not depend upon the surprise of counsel. In *Hildreth* v. *Aldrich*, 15 R. I. 163, this court has said: "We think a party who is disappointed in his witness may be allowed to ask him if he has not made contradictory statements, for the purpose of refreshing the witness's recollection." This opinion is in accord with the rulings of the courts of many states upon this question. It was, perhaps, unnecessary for our court to specify that the interrogation was permitted for the purpose of refreshing the witness's recollection. It might have been sufficient if placed solely upon the ground of the surprise of counsel. In *Putnam* v. *United States*, 162 U. S. 687, the court, after an extended discussion of the subject, concludes that to permit counsel to ask a question of this character of his own witness on the ground that it is for the purpose of refreshing his recollection is to indulge in a confusion of thought and of legal principle. In *Commonwealth* v. *Phelps*, 11 Gray, 73, Chief Justice Shaw says: "It is not a regular mode of assisting the recollection of a witness to recur to his recollection of his testimony before the grand jury. If it was not true then it is not true now; if it was true then, it is true now, and can be testified to as a fact. Of what importance is the fact that he had a memorandum to aid him in testifying before the grand jury? To ask what he testified to before the grand jury has no tendency to refresh his memory. The fact of his having testified to it then is not testimony now. It is an attempt to substitute former for present testimony." However, upon whatever ground it might have been based, whether for the purpose of refreshing the recollection of the witness or solely because of the surprise of counsel, we are of the opinion that it would not have been error in the case at bar, for the trial justice in his discretion to have permitted counsel for the defendant to inquire of the witness whether at a previous trial she had not made statements inconsistent with her testimony at this trial. The extent, however, to which a court shall go in permitting a relaxation of the

ordinary rule in regard to the cross-examination of counsel's own witness is a matter entirely within the sound judicial discretion of the justice presiding. Unless there has been an abuse of this discretion the refusal of the trial court to permit such question to be asked is not a ground for exception. In this case no reason appears for setting aside the judgment of the justice presiding, and the exceptions should be overruled.

(6) By exceptions numbered 20 and 23 in the bill of exceptions, the defendant excepts to a refusal of the justice to charge the jury as requested by the defendant and also to certain portions of the judge's charge to the jury. These exceptions are based upon the contention of the defendant that "the plaintiff in order to recover for the aggravation of an ailment must set forth such claim in an allegation in the declaration. There is no averment in the declaration of damage resulting from such aggravation, and for such aggravation she cannot recover." These exceptions should be overruled. It was the claim of the plaintiff in her declaration and at the trial, that her present physical condition was produced entirely as a result of the injuries which she received in said collision. The issue of previously existing ailments and the aggravation thereof by the accident was first raised at the trial by the defendant. If the jury should be of the opinion from the testimony of the defendant's experts that the plaintiff's physical condition was due to an aggravation or recrudescence of an old ailment caused by the accident it would be unjust to the plaintiff and an unreasonable requirement in pleading to hold that the plaintiff could not recover because in her declaration she had made no averment of damages resulting from such aggravation; although perhaps she was ignorant of the pathological relation between her present condition and her old ailment or perhaps by reason of the expert medical advice which she had received she was of the opinion that no such relation existed.

The question involved in the rulings which are the subject of exceptions numbered 21 and 22 in the bill of exceptions have already been passed upon in the consideration of exception numbered 8. These exceptions should be sustained.

The exceptions numbered 24, 25 and 26 in the bill of exceptions were taken to the decision of said justice denying the defendant's motion for a new trial. After a thorough examination of the testimony and giving to the decision of the justice of the Superior Court, denying the defendant's motion for a new trial, all the weight and persuasive force to which it is entitled, we are of the opinion that the verdict of the jury failed to do justice between the parties, and that the case should be submitted to the consideration of another jury.

The defendant does not press the other exceptions contained in its bill of exceptions.

Exceptions numbered 13, 14, 17, 18, 19, 20 and 23 are overruled. The exception to the decision of the justice denying the motion for a new trial is sustained. Also exceptions numbered 8, 12, 16, 21 and 22.

The case is remitted to the Superior Court for a new trial.

*John W. Hogan,* for plaintiff.

*Joseph C. Sweeney, Clifford Whipple, Eugene J. Phillips,* for defendant.