Jeanne R. **THEROUX**

v.

**UNITED STATES of America.**

Civ. A. No. 3116.

United States District Court
D. Rhode Island.
Jan. 24, 1967.

Leo B. Charbonneau, West Warwick, R. I., Charles H. Anderson, Providence, R. I., for plaintiff.

William J. Gearon, Asst. U. S. Atty., Providence, R. I., for defendant.

## OPINION

DAY, Chief Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 and 2674. Plaintiff seeks herein to recover damages she alleges were sustained by her as the result of an accident caused by the negligent operation of a motor vehicle owned by the defendant and operated by its agent in the course of his employment by the defendant.

The defendant concedes that at the time of said accident its said motor vehicle was being operated by Louis J. Reilly of the Federal Aviation Agency as its agent in pursuance of its business.

The accident occurred on U. S. Route #2, a public highway in the Town of East Greenwich, in the State of Rhode Island, at approximately 5 o'clock p. m. on January 11, 1963. It was raining quite heavily, the road surface was somewhat slippery and visibility was poor. U. S. Route #2 in the vicinity of the scene of the accident runs approximately north and south. It is a four lane cement highway. Said lanes were clearly marked, the two lanes on the easterly side of said highway being for north bound traffic, and the other two lanes for traffic going in a southerly direction.

Shortly before said accident, the plaintiff, who was 26 years old, had left her place of employment in her automobile and was proceeding in a northerly direction in the inner north bound lane, heavy traffic in the outer north bound lane making it impossible for her to proceed in that lane. As plaintiff's car approached the point of the accident it is clear that the operator of the defendant's motor vehicle who had been proceeding in the outer south bound lane entered the inner south bound lane, and, without any warning to the plaintiff, suddenly attempted to cross the lane in which plaintiff's car was approaching with the intention of crossing both north bound lanes to enter the premises of a small, obscure facility of the Federal Aviation Agency situated on the easterly side of the highway. Confronted by this sudden emergency, plaintiff was unable despite her efforts to bring her car to a complete stop before it was struck by defendant's car. As a result plaintiff was thrown forward with great force against the steering wheel of her car and then backwards against the back of its front seat.

While the issue of liability has been vigorously contested by the defendant, I am convinced that the negligence of the operator of the defendant's vehicle was the sole proximate cause of said accident and that the plaintiff was not guilty of any negligence which contributed to it.

As a result of said accident, the plaintiff sustained bruises on her abdomen, legs and an injury to her back which her physicians described as being a chronic lumbosacral and right sacroiliac strain. It is clear that for a substantial period subsequent to said accident these last described injuries caused the plaintiff considerable pain and discomfort of varying degrees.

It appears that plaintiff, who was married in May, 1960, had continued to work steadily until January 11, 1963, no child having been born of her marriage. On

June 6, 1963, she underwent surgery in a local hospital for the correction of a physical condition which was in no way connected with or caused by said accident. Thereafter she became pregnant and gave birth to a child on April 9, 1964. Subsequently, in November, 1964 for a period of two weeks she was hospitalized for treatment of her lower back. This treatment consisted of pelvic traction therapy and physiotherapy, and, according to the hospital records, she responded to said treatment and her condition upon her discharge from said hospital was good.

Plaintiff seeks the recovery of her alleged lost earnings, the costs of medicines, medical and hospital care required for the treatment of her injuries, and compensation for her injuries, pain and suffering.

■ Since said accident, plaintiff has not sought employment with her former employer or elsewhere. Her failure to do so is undoubtedly due to the birth of her child in April, 1964. Having in mind that plaintiff's surgery in June, 1963 would have at least prevented her from working for some time and the subsequent birth of said child, I think that the plaintiff is entitled to not more than her lost earnings for a period of one year which amount to $4,305.60.

■ The purpose of the Federal Tort Claims Act is to impose liability upon the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

■■ In Rhode Island a husband is liable in law to pay for his wife's medicines and medical care. Barker v. Rhode Island Co., 1913, 35 R.I. 406, 87 A. 174. Moreover, there was no showing here that the plaintiff ever personally promised to pay for the medicines, medical and hospital care required by her injuries or ever made any payments therefor. Cf. Verchereau v. Jameson, 1961, Vt., 167 A.2d 521. The amounts of her husband's obligations for medicines, medical and hospital care or payments there-for made by him, if any, are not elements of her damages and hence are not recoverable by her.

■ Although, during the trial, plaintiff testified that she still experiences some discomfort at times in her lower back and legs and that her activities are somewhat restricted thereby, I am satisfied that apart from these complaints, she has completely recovered from her injuries.

■ Plaintiff's special damages amount to $4,305.60 for loss of earnings. In my opinion the sum of $10,000 will adequately and fairly compensate her for her injuries, pain and suffering and special damages. Judgment shall therefore be entered in her favor in the sum of $10,000 against the defendant.