JOHN WENTWORTH *v.* TOWN OF WATERBURY.

November Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed January 18, 1916.

*Highways and Bridges—Town's Liability for Injuries—Contributory Negligence—Imputed Negligence—Common Enterprise—Burden of Proof—Motion for Verdict—Grounds.*

The driver of an automobile in the early evening was guilty of contributory negligence, as matter of law, where it appeared that he knew he was approaching a curve in the road and upon discovering, when he was about 15 feet therefrom, a horse and wagon standing diagonally across the road between the guard rails on the embankment over a culvert, applied the brakes and swerved to the left, bringing the car practically to a standstill opposite the team, whereupon the car slipped against the guard rail, which gave way and threw the car down the bank.

A passenger in a vehicle driven along a public highway is not so identified with the driver, merely because of that association, that the negligence of the driver is imputable to the passenger. *Carlisle v. Town of Sheldon*, 38 Vt. 440, overruled.

The negligence of an automobile driver which contributed to an accident at a culvert was imputable to plaintiff, an occupant of the car and engaged with the driver in the common enterprise of taking two ladies for an afternoon's drive to view a lake.

Plaintiff's evidence did not warrant the inference of his freedom from contributory negligence where it appeared that, while sitting in an automobile beside the driver, he saw 8 or 12 rods away a horse and wagon blocking a culvert, and there was no evidence tending to show that he mentioned that fact to the driver, whose failure to see the team until he was only 15 feet therefrom resulted in the accident in question.

In an action against a town for personal injuries to plaintiff while riding in an automobile driven by another, owing to the alleged want of a sufficient guard rail at a culvert, where it appeared that when defendant made its motion for a directed verdict the court had in mind the necessity that plaintiff show himself per-

sonally free from contributory negligence, the general ground of that motion, that "on all the evidence in the case the plaintiff is not entitled to recover," was sufficient to raise the question whether the evidence tended to show plaintiff personally free from contributory negligence.

CASE for negligence. Plea, the general issue. Trial by jury at the June Term, 1915, Caledonia County, *Miles,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*G. H. Dale, Charles B. Adams* and *Dunnett & Shields* for the defendant.

*Simonds, Searles & Graves* for the plaintiff.

HASELTON, J. On Sunday, October 11, 1915, in the early evening, the plaintiff, his wife and a young woman, and one Gibson, were riding in an automobile. Gibson was the driver. At a culvert in the town of Waterbury the automobile went over and down an embankment, and the plaintiff was injured. Suit was brought against the town on the ground that the culvert was insufficient and that the accident was due to such insufficiency.

Trial by jury was had with the result that verdict and judgment were for the plaintiff. The defendant excepted. The defendant at the close of the plaintiff's evidence and of all the evidence, moved for the direction of a verdict in its favor on various grounds, among which was in substance this, that on all the evidence viewed in the light most favorable to the plaintiff, the driver of the vehicle was guilty of negligence which contributed to the accident and that as matter of law such negligence was attributable to the plaintiff.

As the automobile approached a culvert, where there was some change in the course of the road, a horse and wagon were standing diagonally across the road between the rails on the embankment over the culvert. The testimony, viewed in the light most favorable to the plaintiff, tended to show that the rear wheels of the wagon were three or four feet from the railing on the easterly side, that the horse's head was nearer than that to the railing on the westerly side, that the driver of the automobile first saw the horse and wagon when he was about 15

feet therefrom, that he then applied the brakes and turned to the left where there was the more, though insufficient room, and brought the car practically to a standstill opposite the team, when the car slipped against the guard rail, which gave way in consequence of insufficiency, so that the car and its occupants, including the plaintiff, were precipitated down the embankment, and the plaintiff received the injuries complained of.

The driver was guilty of contributory negligence, as matter of law, for the physical facts shown by the exhibits, and the testimony most favorable to the plaintiff, make it entirely clear that if he had used his senses to a reasonable degree, and driven with due care, he could and should and would have seen so far ahead that the accident would have been avoided. *Harrington* v. *Rutland R. Co.,* 89 Vt. 112, 119, 94 Atl. 431; *Labelle* v. *C. V.* *Ry. Co.,* 87 Vt. 87, 88 Atl. 517.

It was the statutory duty of the operator of the car when approaching the curve in the road to have the vehicle under perfect control. Acts of 1912, No. 141. And here he had notice of the turn or curve before he reached it, for as he testifies, he noticed that his head lights were shining, not onto the road, but into bushes beside the road, and this, by an invariable law of nature, was notice of a curve in the road. Automobile cases in point are *Knoxville & Co.* v. *Vangilder,* 178 S. W. 1117; *Tenor and Brummer* v. *Pennsylvania R. Co.,* 179 Fed. 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924.

Was the negligence of the driver imputable to the plaintiff? Were we to follow what is said in *Carlisle* v. *Sheldon,* 38 Vt. 440, which adopts the reasoning of *Thorogood* v. *Bryan,* 8 C. B. 815, we should be obliged to hold that the passenger in a vehicle whether public or private is so identified with the driver, by virtue of that association merely, that the negligence of the driver is imputable to the passenger. But the unsoundness of the reasoning in those cases has been demonstrated over and over again. It is sufficient here to refer to *Little* v. *Hackett,* 116 U. S. 366, 6 Sup. Ct. 391, 29 L. ed. 652.

We now consider the question of whether the plaintiff and the driver were so associated in the execution of a common purpose and undertaking as to make each the agent of the other and to make the negligence of one attributable to the other.

Mr. Gibson testified that an automobile party consisting of four, Mrs. Wentworth and a Miss Griffin, Mr. Wentworth and

himself started from Fayston in the afternoon of Sunday, October 11, 1914, and went to Burlington for a ride, that they went for the purpose of showing Lake Champlain to Mrs. Wentworth and Miss Griffin, that they drove to the water front, drove around for a short time, and then started back over the road they had gone over, and that the accident in question took place about a mile northerly of Waterbury. According to his testimony the automobile was his father's and not his, he was in Fayston temporarily on a lumber job.

On the trip the plaintiff Wentworth sat with Gibson on the front seat, and Gibson's testimony that they took the trip for the purpose of showing Lake Champlain to the ladies, and his entire testimony as a whole, indicates that he and Mr. Wentworth, the plaintiff, were engaged in the joint purpose of taking the two ladies for an afternoon's ride.

The testimony of Mrs. Wentworth indicated the same thing, as did also that of Mr. Wentworth the plaintiff. Miss Griffin did not testify, and there was no evidence as to the nature of the undertaking other than that of the three witnesses mentioned.

Mr. Gibson testified in one place that the others of the party were his guests, but the word "guests" was put into his mouth by a question, and his testimony indicates that there was nothing more to that than that he drove. The testimony of all was to the effect that they went together for a ride.

In the view which we are inclined to think the case permits us to take the plaintiff and Mr. Gibson were engaged in carrying out a common purpose and the negligence of each was, on well settled and rational principles, imputable to the other. *Boyden* v. *Fitchburg R. Co.*, 72 Vt. 89, 47 Atl. 409, and cases and notes herein elsewhere referred to.

It may well be that *Carlisle* v. *Sheldon*, 38 Vt. 440, was rightly decided on the ground just referred to.

But if this view of the transcript is not warranted, then the plaintiff is prevented from recovering because it is not possible to say that the case tends to show that the plaintiff was himself free from contributory negligence. His own testimony is that he saw the horse and wagon standing diagonally across the road when the automobile was from 8 to 12 rods away, and there is no suggestion in the case that he mentioned that fact to the driver or did anything but to sit supine and mute beside him on the

front seat while the car went forward with unslackened speed. Even though we regard the two as not engaged in a common enterprise, the plaintiff was not excused from taking reasonable measures for his own protection. *Landrum* v. *St. Louis &c. Ry. Co.,* 178 S. W. (Mo.) 273, 276; *Clark* v. *Connecticut Co.,* 83 Conn. 219, 76 Atl. 523; *Shultz* v. *Old Colony St. Ry.,* 193 Mass. 309, 323, 79 N. E. 873, 877, 878, 8 L. R. A. (N. S.) 597, 118 Am. St. Rep. 502, 9 Ann. Cas. 402; *Smith* v. *Maine Central R. Co.,* 87 Me. 338, 32 Atl. 967; *Whitman* v. *Fisher,* 98 Me. 575, 57 Atl. 895; *Brickell* v. *New York &c. R. Co.,* 120 N. Y. 290, 24 N. E. 449, 17 Am. St. Rep. 648; *Brommer* v. *Pennsylvania R. Co.,* 179 Fed. (C. C. A.) 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924, 19 Ann. Cas. 1225, note, subheading "Care required of occupant"; *Cotton* v. *Willmar,* 99 Me. 366, 109 N. W. 835, 8 L. R. A. (N. S.) 643, 116 Am. St. Rep. 422, 9 Ann. Cas. 935, 938; *Colorado &c. Co.* v. *Thomas,* 33 Colo. 517, 81 Pac. 801, 70 L. R. A. 681, 3 Ann. Cas. 700, and note 704.

If the burden of showing contributory negligence had been on the defendant we might think that here the question of the plaintiff's contributory negligence was for the jury. But in this state such burden is on a plaintiff and certainly the plaintiff wholly failed to sustain the burden of showing that he was personally free from contributory negligence, for in the state of the evidence it could not fairly and reasonably be inferred that he was so free.

This ground of the motion for a verdict, though argued by the defendant here, was not specifically pointed out in the motion, and if available at all is available under the ninth ground, namely: that "on all the evidence in the case, the plaintiff is not entitled to recover."

This might not be deemed sufficient, if it did not appear that the court had in mind the necessity of the plaintiff's showing himself personally free from contributory negligence. But it appears that the court did have in mind such necessity; but took the course of submitting the matter to the jury. In such circumstances we think that the general ground of the motion avails to raise the question.

*Judgment reversed and judgment for the defendant to recover its costs.*