ESABELLE LECLAIR *v.* PETER BOUDREAU.

May Term, 1928.

Present: WATSON, C. J., POWERS, MOULTON, and CHASE, JJ., and THOMPSON, Supr. J.

Opinion filed October 3, 1928.

*Pierce & Miles* for the defendant.

*A. W. Farman* for the plaintiff.

POWERS, J. The plaintiff sues for personal injuries suffered by her in an automobile collision. At the time of the accident, she was riding on the front seat of a Ford touring car owned and driven by Harold Dutton, which car was run into by the car owned and driven by the defendant. The collision took place at the intersection of Pleasant Street Extension and Coventry Road in the city of Newport. The junction of these highways takes the form of a Y, of which Pleasant Street Extension is the stem. Travelers on Coventry Road who are going north turn to the left and follow one fork of the Y onto Pleasant

Street Extension. Those going south turn to the right and follow the other fork of the Y onto Pleasant Street Extension. The plaintiff lives at or near this junction, and on the day of the accident was with two others returning from the city to her home. They were overtaken by Dutton, who invited them to ride. The plaintiff and her companions entered the Dutton car, and it proceeded with the plaintiff's house as its destination. It reached the junction of the two highways, turned to the right and entered Pleasant Street Extension by the northerly fork, was crossing the other to enter the driveway of the plaintiff's premises, when it was run into by the car of the defendant which was entering Pleasant Street Extension from the opposite direction by making a left-hand turn onto the southerly fork.

At the trial there was a verdict and judgment for the plaintiff and the defendant excepted. At the close of the evidence the defendant moved for a directed verdict upon the grounds: (1) That the plaintiff had failed to show proximate negligence on his part; and (2) that she had failed to show due care on her own. This motion was overruled and an exception saved. The only ground here relied upon is the one last specified.

■■ For the purposes of this discussion, therefore, we may assume that the negligence of the defendant was sufficiently established, and we will assume that Dutton was shown to have been negligent. As we have several times held, the negligence of Dutton, the driver, cannot be imputed to the plaintiff, his guest. *Wentworth* v. *Waterbury,* 90 Vt. 60, 62, 96 Atl. 334; *Lee* v. *Donnelly,* 95 Vt. 121, 128, 113 Atl. 542; *Lefebvre's Admr.* v. *Central Vt. Ry. Co.,* 97 Vt. 342, 349, 123 Atl. 211; *McAndrews* v. *Leonard,* 99 Vt. 512, 524, 134 Atl. 710. So we are concerned only with the plaintiff's conduct. She is not to be denied a recovery unless she has failed to show enough to warrant a reasonable inference of due and personal care.

■■ The evidence shows that the plaintiff at the moment of the collision had turned and was talking with her sister, who was sitting on the back seat of the car. She was not watching the road or taking any precautions for her own safety. If she had looked, she could have seen the defendant's car as it approached the turn. She was well acquainted with the locality, and knew there was danger if cars approached from different directions at the same time. She knew that Dutton was an experienced driver, and so far as appears he was competent. In

these circumstances, was the plaintiff guilty of contributory negligence as matter of law, or might a jury reasonably infer that she did as much as a prudent guest would do in just the same situation and circumstances? That she was not charged with the same responsibility as Dutton was with reference to watching the road for approaching cars is established. We said in *Lefebvre's Admr.* v. *Central Vt. Ry. Co.*, 97 Vt. 342, 351, 123 Atl. 211, and again in *McAndrews* v. *Leonard*, 99 Vt. 512, 525, 134 Atl. 710, that the plaintiffs there, who were guests riding on the back seat of the automobiles involved, were not called upon to exercise the same degree of watchfulness as was the driver. And in *Higgins' Admr.* v. *Metzger*, 101 Vt. 285, 143 Atl. 394, we extended the advantage of this doctrine to a guest riding on the front seat of a car. One so situated is not excused from all responsibility, but he may rely upon the driver's watchfulness, more or less according to circumstances, without forfeiting his right of recovery against one by whose negligence he is injured. The whole matter is well covered in *Clarke* v. *Connecticut Co.*, 83 Conn. 219, 223, 76 Atl. 523, 525, in this language: "A gratuitous passenger, in no matter what vehicle, is not expected, ordinarily, to give advice or direction as to its control and management. To do so might be harmful rather than helpful. But his presence in the vehicle may so obstruct the driver's view of a car or approaching vehicle, or other circumstances of the situation may be such as to make it his duty to look out for threatened or possible dangers and to warn the driver of such after their discovery. This might be necessary for the passenger's as well as for the driver's safety. On the other hand, the character of the vehicle in which he is a passenger may be such or his location in it or other circumstances may be such that to look or listen for approaching cars or other dangers would be unnecessary and useless. For such a passenger to engage in conversation with fellow passengers and entirely neglect to look out for dangers or to observe the manner in which the vehicle is being operated might be the conduct of a reasonably prudent person. It cannot be said, therefore, that in every case and all the time it is the duty of a gratuitous passenger to use his senses or to look and listen in order to discover approaching vehicles or other dangers, or that his failure to do so would be a failure to exercise due care. But while this is so, the law fixes no different standard of duty for him than for the

driver. Each is bound to use reasonable care. What conduct on the passenger's part is necessary to comply with this duty must depend upon all the circumstances, one of which is that he is merely a passenger having no control over the management of the vehicle in which he is being transported. Manifestly, the conduct which reasonable care requires of such a passenger will not, ordinarily, if in any case, be the same as that which it would require of the driver. While the standard of duty is the same, the conduct required to fulfill that duty is ordinarily different, because the circumstances are different. Whether reasonable care has been exercised in either case is a question of fact for the jury."

We cannot say that this plaintiff was guilty of contributory negligence as matter of law. It follows that a jury would be warranted in drawing an inference from her conduct that she was in the exercise of due care.

In this holding we are in accord with what we regard as the best-reasoned cases. Thus, in *Churchill* v. *Texas & Pac. Ry. Co.*, 151 La. 726, 92 So. 314, 315, it was held that a guest, not having charge of the car, was not required to be on the lookout for danger, but could rely upon the driver to discharge that duty. In *Gordon* v. *Opalecky,* 152 Md. 536, 137 Atl. 299, 305, it is, in effect, said that a guest is not obliged to keep a continuous lookout for approaching vehicles, and that his failure to do so is not conclusive evidence of negligence. In *Chiswell* v. *Nichols,* 137 Md. 291, 112 Atl. 363, 367, wherein the essential facts were much like those before us here, it was held that the question of the plaintiff's negligence could not be ruled as matter of law and should have been submitted to the jury. While in *Kelly* v. *Huber Baking Co.*, 145 Md. 321, 125 Atl. 782, 788, it was held that a wife riding as a guest of her husband was not negligent as matter of law in failing to warn him of the approaching truck which she saw was approaching on the wrong side of the road.

In *Columbus & Greenville R. R. Co.* v. *Lee* (Miss.), 115 So. 782, 785, which was a grade crossing case, it was held that a guest had a right to rely upon the driver of the car to watch out for trains, unless and until it became or should have been apparent to the former that the driver would not do so.

In *Krause* v. *Hall,* 195 Wis. 565, 569, 217 N. W. 290, 292, it is said: ''It is well settled that a guest * * * * must give

some heed to his or her own safety, and that ordinary care requires that he or she should maintain a proper lookout. * * * * What constitutes a proper lookout depends upon circumstances. While the circumstances may be so clear that a failure to keep a proper lookout may be declared as a matter of law, it is generally a jury question. * * * * A guest is not held to the same degree of care in this respect that is required of the driver, and one sitting on the back seat is held to a less degree of care than one sitting on the front seat.''.

In *Tervilliger* v. *Long Island R. R. Co.*, 152 App. Div. 168, 136 N. Y. S. 733, affirmed in 209 N. Y. 522, 102 N. E. 1114, it was held that the negligence of a guest who was killed by a train on a grade crossing was for the jury, though she was riding on the front seat of an automobile and was conversing with another passenger sitting on the back seat of the car.

*Poynter* v. *Townsend* (Del. Super.), 130 Atl. 678, relied upon by the defendant, is not to the contrary of the Maryland cases hereinbefore referred to. The paragraph quoted in the brief is from the charge of the court at the trial, and was not reviewed by an appellate court. But all in all it is not out of harmony with the conclusions reached in the case before us. This appears not only from the language quoted in the defendant's brief which only requires the guest to be as watchful ''as an ordinary (ordinarily) prudent passenger in such position would have done,'' but also in other expressions used by the court: ''In such case, however, the passenger is required to exercise due care and caution as well as the driver. However, the passenger is not held to the care that is required of the operator. The passenger has a right to rely, to a great extent, on the prudence, care, and skillfulness of the operator. * * * But we instruct you that a passenger is not required to do anything more than an ordinarily prudent person in a similar position and relation, who is not the operator, would have done in a like situation.''

The grade crossing cases, several of which are cited in the defendant's brief and several of which are referred to above, are not strictly in point. Railroad trains and trolley cars run on fixed rails, and when a collision impends cannot turn aside to avert it, while vehicles on the highway in like circumstances can turn out for each other. This one circumstance is enough to affect the rule in its application to collision cases.

Moreover, the conduct of travelers on the highway is regulated by statute, and they are required, when approaching and entering an intersecting highway, as these drivers were, to proceed "slowly and with due care to avoid accident." G. L. 4705. In addition to this, the defendant, who was about to make a left-hand turn, was required to reduce his speed and to pass to the right of and beyond the center of the curve into Pleasant Street. Both Dutton and the plaintiff had a right to assume at the outset that he would comply with this requirement; and this is a circumstance to be considered in determining how watchful the prudent-man rule required the plaintiff to be. According to the evidence viewed in the light most favorable to the plaintiff, the accident would not have occurred if the defendant had observed the mandate of the statute in the respect last named.

*Judgment affirmed.*