ELLISON S. PURINGTON *v.* HAROLD A. NEWTON.

May Term, 1946.

Present: MOULTON, C. J., SHERBURNE and STURTEVANT, JJ., and CLEARY and ADAMS, Supr. JJ.

Opinion filed October 1, 1946.

*Barber & Barber* for the plaintiff.

*Everett Williams* for the defendant.

SHERBURNE, J. In this action the plaintiff seeks to recover the damages resulting to his automobile from a collision with a car driven by the defendant, and alleged to have been caused by the defendant's negligence. Viewing the evidence most favorably to the plaintiff the following facts appeared: With the permission of the plaintiff his wife drove his car from Northfield, Massachusetts, to Brattleboro to take Caroline A. Whitaker to see a friend at the Osgood Infirmary. In Brattleboro Mrs. Purington drove westerly on Western Avenue, and finding that she was going in the wrong direction, in order to turn around, backed a short distance into Cedar Street, and stopped therein in line with the sidewalk on Western Avenue, from where she could look westerly 150 to 200 feet onto that street. Before starting forward she looked in both directions onto Western Avenue and there was no one in sight, and she then proceeded in low gear and had gone about two car lengths to past the center of Western Avenue and had about completed a

left turn to go easterly thereon, and was going 8 to 10 miles per hour, when defendant's car traveling easterly on Western Avenue at a speed of 40 miles per hour collided with the right rear side of her car. As a result of the collision her right rear door, the right running board and the right rear fender were jammed and damaged, and the two cars were locked together. The value of plaintiff's car before the accident was about $950.00, and it cost $129.75 to repair it after the accident.

After showing that there were signs saying "30 Miles per hour speed limit" conspicuously posted the length of Western Avenue, the plaintiff offered a certified copy of an ordinance adopted and promulgated by the selectmen of Brattleboro several years prior to the accident, that the speed of motor vehicles over Western Avenue should not be over 30 miles per hour. This ordinance purported to be authorized by No. 161 of the Acts of 1927, under which the selectmen of Brattleboro were given power to make ordinances and regulations with respect to the speed of vehicles upon the streets of the town. The copy of the ordinance was objected to because the speed sign was there for anyone to read when passing along the road, and was excluded. Other than as above stated no objection was made to the reception of the copy, and all that the defendant says in his brief is that the plaintiff failed in his offer to properly set forth any legal basis for its admission. The plaintiff in his offer claimed that it was a valid ordinance, declaring what is a reasonable rate of speed, and that it was evidence for the jury in seeking to determine whether the defendant was negligent. In view of P. L. 5150 there can be little question about the validity of such an ordinance. The breach of a safety statute makes at least a prima facie case of negligence and at least gives rise to a rebuttable presumption of the lack of ordinary care on the part of the delinquent. *Shea* v. *Pilette,* 108 Vt 446, 450-452, 189 A 154, 109 ALR 933. In view of the evidence that the defendant was traveling at the rate of 40 miles per hour the copy should have been received, and its exclusion was prejudicial error.

The plaintiff was permitted to testify to the value of his automobile before the accident. He was not present on the occasion of the accident, but it was shown that he saw the car soon afterwards when it was in the same condition as it was right after

the accident. After having testified that he had some judgment as to its then market value at Brattleboro, a question as to what he would say its then market value at that place was excluded. Further than that he was the owner of the car and had owned several other cars and had paid for the repairs caused by the accident, nothing was shown as bearing upon his qualifications to express an opinion, when the offer as to what he would testify was that it was then worth from $700.00 to $750.00, so that the difference between the former and then values exceeded the cost of repairs. The competency of the witness was a preliminary question for the trial court; and its decision is conclusive unless it appears from the evidence to have been erroneous, or was founded on an error of law. *Capital Garage Co.* v. *Powell,* 97 Vt 204, 210, 122 A 423; *Andrews* v. *Aldrich,* 104 Vt 235, 237, 158 A 676; *Macauley* v. *Hyde,* 114 Vt 198, 202, 42 A 2d 482. While value is largely a matter of opinion at best, and from the necessities of the case much liberty is indulged in the admission of opinion evidence, and any person who knows the property and has an opinion of its value may give that opinion in evidence for what it is worth (*Brown* v. *Aitken,* 90 Vt 569, 574, 99 A 265; *Houghton* v. *Grimes,* 103 Vt 54, 61, 62, 151 A 642), we cannot say that on the evidence the ruling was erroneous as a matter of law.

Lloyd Fairbanks, an automobile salesman of 15 years' experience in Brattleboro, who had bought and sold Buick cars, including the series model like the plaintiff's car, was permitted to testify that a car like the plaintiff's was worth $925.00 to $950.00 just before the accident. Then he was told in substance to assume that the car had been involved in a collision on the date in question, and had been damaged so as to require the new parts and repairs as listed in the repair bills from the garage where the work was done, and asked if he had some judgment of what the fair market value of the car was with such damages. He was also asked if such repairs would be determinative of the depreciation in the value of the car. Both questions were objected to because based upon false premises and that there was no evidence of the facts assumed, and were excluded, and the plaintiff excepted. From the course of the examination it was apparent that the witness would answer "yes" to the first question and "no" to the second. The repair bills were produced and offered by the defendant, and were received as exhibits. They

list in detail the new parts supplied and repairs made, and the cost of each item, and total $129.75. Having been so received the defendant cannot be heard to say that they should not be given such consideration as their natural probative value entitles them to. *Clark* v. *Wild*, 85 Vt 212, 218, 81 A 536; *Drown* v. *Oderkirk*, 89 Vt 484, 487, 96 A 11.

■ ■ The usual measure of damages in such a case is the difference between the market value of the automobile immediately before the accident and its market value immediately afterwards. 5 Am Jur Automobiles, § 746; *Collins* v. *Fogg*, 110 Vt 465, 8 A2d 684; *Lyman* v. *James*, 87 Vt 486, 490, 89 A 932; *Chase* v. *Hoosac Tunnel & W. R. Co.*, 85 Vt 60, 63, 81 A 236. In determining the difference between the value of the automobile before and after the accident, or its depreciation as the result of the injury, evidence is admissible as to the reasonable cost of repairs made necessary thereby, and as to the value of the automobile as repaired. 25 CJS 809, Damages § 157; *Bullard* v. *DeCordova*, 119 Conn 262, 175 A 673; *Hintz* v. *Roberts*, 98 NJL 768, 121 A 711; *Metcalf* v. *Mellen*, 57 Utah 44, 192 P 676; *Broadie* v. *Randall*, 114 Kan 92, 215 P 1103, 32 ALR 708; *Bader* v. *Marlin*, 160 Wash 460, 295 P 160, 78 ALR 914. The repair bills afforded sufficient evidence of the facts assumed, and the exclusion of the questions was erroneous.

The last exception relied upon relates to the direction of a verdict for the defendant. In considering this exception we are not concerned with any negligence upon the part of Mrs. Purington, as her use of the automobile was not on any business of the plaintiff. *Jones* v. *Knapp*, 104 Vt 5, 156 A 399; *Fletcher* v. *Perry*, 104 Vt 229, 233, 158 A 679. We are only concerned with whether the evidence shows that the defendant operated his car in a negligent manner so as to proximately contribute to the accident, and that damages resulted. Since the exception to the exclusion of the speed ordinance has been sustained we will treat it as if it had been admitted in our discussion of the evidence.

According to the evidence plaintiff's car was 10 to 12 feet long, so in going two car lengths Mrs. Purington went from 20 to 24 feet when she drove into Western Avenue. The time that it took to go that distance is left indefinite. When asked how long it took she testified that she could count up to five or six, and she demonstrated in court how long that would take. She was in low gear all the

way, and starting from rest had gained a speed of 8 to 10 miles per hour. It must have taken her 3 or 4 seconds at least, and she was visible to the defendant all the way. Going at 40 miles per hour the defendant traveled 176 to 234 feet in that time, so that he was that distance away when she started out into Western Avenue. Had he been going at only 30 miles per hour he would have traveled 132 to 176 feet in that time. On the evidence a jury could reasonably have found that the defendant was negligent in that he drove at an excessive speed, failed to have his car under control, failed to maintain a proper lookout for others on the highway, and failed to use reasonable care to avoid colliding with the plaintiff's car, and that such negligence was the proximate cause of the accident. On the evidence a jury could have found damages to the amount of the repair bills. This exception is sustained.

*Judgment reversed, and cause remanded.*