## Shirley Blondin v. David Carr

[151 A2d 121]

March Term, 1959.

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed May 5, 1959.

*Edmunds, Austin & Wick* for the plaintiff.

*McNamara & Larrow* for the defendant.

**Holden, J.** This action arises from an injury to a passenger in the collision of two motor vehicles at a street inter-

section. Trial by jury resulted in a verdict and judgment for the defendant. The plaintiff appeals and assigns error in the court's instructions to the jury. The case has been thoroughly briefed and well argued by both parties.

The accident occurred in the city of Burlington on February 3, 1957 at the intersection of Pearl and Church Streets. The plaintiff was seated in the front seat of a car operated by her husband, Richard Blondin. Their two young children were on the rear seat. The Blondin vehicle was travelling east on Pearl Street as it approached the Church Street intersection. The defendant was proceeding north on Church Street, approaching the intersection from the plaintiff's right. The operators of both cars involved testified they saw the other vehicle coming into the intersection, yet both entered the junction and their vehicles came into collision. The evidence was such that it would warrant a finding of negligence on the part of either or both operators.

As the Blondin car neared the intersection, the plaintiff's young son, then aged two and a half, wanted to be moved to the front seat. The plaintiff was in the process of moving the child from the rear seat when the collision occurred.

At the conclusion of the court's charge, the plaintiff excepted to the submission of the issue of contributory negligence for decision. The exception is based on the contention that there was no evidence in the case of negligence on the part of the plaintiff.

■ Although the plaintiff was a passenger, the law required her to exercise reasonable caution and judgment for her own safety. Her conduct must meet the standard of a reasonably prudent person in the situation that prevailed at the time of the accident. *Huestis* v. *Lapham's Estate*, 113 Vt 191, 196, 32 A2d 115; *Senecal* v. *Bleau*, 108 Vt 486, 494, 189 A 139; *McAndrews* v. *Leonard*, 99 Vt 512, 525, 134 A 710.

■ Whether the plaintiff's conduct in undertaking the removal of her child from the rear to the front seat, while entering the intersection, met the standard of care required of her under the circumstances was a question for the jury to determine. It was their province to determine whether this

course of action warranted an inference of due and personal care on her part, and what part, if any, such conduct had in the events that followed. *Leclair* v. *Boudreau*, 101 Vt 270, 272-274, 143 A 401, 63 ALR 1427. The exception is without merit.

The complaint in this action alleged several distinct acts of negligent operation on the part of the defendant. In submitting the case to the jury, the court stated, in substance, that it was essential that the plaintiff establish "the defendant was negligent as claimed by the plaintiff." This language appears at two different occasions in the course of the instructions. The plaintiff excepted to this aspect of the charge on the ground it conveyed the inference that the plaintiff must prove the defendant negligent in each and every respect claimed in the complaint.

The expression used by the court left room for some misunderstanding on the part of the jury. Yet, particular portions of instructions to the jury are not to be construed out of context. *Flanders* v. *Newport Trucking Co.*, 102 Vt 437, 438, 150 A 128. When the charge, in this instance, is read in its entirety, it appears that the court made a clear explanation of the legal standard of care required in relation to each act of negligence alleged. The trial judge then went on to submit to the jury whether the defendant failed "to observe any of the foregoing requirements, and if so, was such negligence * * * a part of the proximate cause of the accident and resulting injury * * * ." In the main, this instruction satisfied the established rule that the plaintiff was not obligated to prove every act of negligence specified in the complaint, stated in *Healey* v. *Cady*, 104 Vt 463, 467, 161 A 151; *Humphrey* v. *Twin State Gas & Electric Co.*, 100 Vt 414, 425, 139 A 440, 56 ALR 1011; *Bosworth* v. *Bancroft*, 74 Vt 451, 453, 52 A 1050.

While it would have been safer to have corrected the inaccuracy in the charge when attention was directed to it by the plaintiff's exception, the charge, as a whole, fails to indicate that the jury was misled. *Mt. Ida School* v. *Gilman*, 97 Vt 331, 336, 123 A 198. This exception is overruled.

The plaintiff's remaining exception reaches more serious difficulty. The plaintiff excepted to the failure of the court

to charge that if they should find that Richard Blondin was negligent, such negligence could not be imputed to the plaintiff, his passenger. The exception is well founded.

■ The case was tried and submitted to the jury on the theory that the plaintiff was a guest passenger in the Blondin vehicle. No issue of agency or joint enterprise was raised. Consequently, any negligence by Richard Blondin could not be imputed to the plaintiff. *Stevens* v. *Nurenburg*, 117 Vt 525, 529, 97 A2d 250; *Senecal* v. *Bleau, supra*, 108 Vt at 495, 189 A at 142; *Leclair* v. *Boudreau, supra*, 101 Vt at 272, 143 A at 401; *Lee* v. *Donnelly*, 95 Vt 121, 128, 113 A 542; *Wentworth* v. *Waterbury*, 90 Vt 60, 62, 96 A 334.

■ The fact that the plaintiff was the operator's wife does not vary the rule. If there was concurring negligence by the husband, it would not be attributed to the plaintiff by the marriage relationship. *Miller* v. *Union Pacific RR Co.*, 290 US 227, 54 S Ct 172, 78 L Ed 285, 289; *Snook* v. *Long*, 241 Iowa 665, 42 NW2d 76, 21 ALR2d 1, 5; *Christensen* v. *Hennepin Transp. Co.*, 215 Minn 394, 10 NW2d 406, 147 ALR 945, 953; 2 Restatement, Torts, §487, p. 1269. See also annotation, 59 ALR 153; 5 Am Jur, Automobiles and Highway Traffic, §817, p. 761.

The defendant contends the plaintiff cannot rely on this exception to the instructions since there was no request to charge on this point, required by County Court Rule 30. He refers us to *French* v. *Nelson*, 111 Vt 386, 389, 17 A2d 323.

It should be noted that in the French case, the appellant excepted to the court's failure to instruct on the sudden emergency doctrine. There had been no previous request to instruct on this rule. The opinion points out that the record did not disclose that the application of the sudden emergency rule had been made an issue during the trial.

■ This exception stands differently. The plaintiff's status as a passenger and the issue of her contributory negligence were in the case from its inception. The question of the care exercised by the operator of the Blondin vehicle was put in issue at the trial. The evidence called for an instruction

on the effect of Blondin's negligence, if any, on the plaintiff's right to a recovery. This instruction was vital to the correct application of the law to the fact presented. *Finkelstein* v. *McClain*, 331 Pa 198, 200 A 596, 597; *Sullivan* v. *Krivitsky*, 100 Conn 508, 123 A 847, 848.

■ Although no request was made, it was the duty of the trial court to instruct the jury on every material and essential element of the case indicated by the evidence. *Wortheim* v. *Brace*, 116 Vt 9, 11, 68 A2d 719; *Clark* v. *Demars*, 102 Vt 147, 151, 146 A 812. A shortage in this requirement, upon proper exception, requires a reversal even though there was no specific request to charge. *Roberts* v. *Gray*, 119 Vt 153, 160, 122 A2d 855; *State* v. *Brisson*, 119 Vt 47, 53, 117 A2d 255; *Bennett* v. *Robertson*, 107 Vt 202, 211, 177 A 625; *Bradley* v. *Blandin*, 94 Vt 243, 256, 110 A 309. See also *French* v. *Nelson*, *supra*, 111 Vt at 393, 17 A2d at 325.

It is true that the charge pointed out that the very fact a person is a passenger, instead of the driver of a vehicle, involves a limitation on what he can reasonably do, and "hence a passenger is not charged with the same responsibility as a driver of an automobile." However, this portion of the instructions relates to the active duty of care required of the passenger himself, independent of the conduct of the operator. The charge did not relieve the plaintiff of the consequences of any lack of due care on the part of the driver in which she did not participate. The error was not cured and the exception is sustained.

*Judgment reversed and cause remanded.*