# Carol Verchereau v. Charles W. Jameson

[167 A.2d 521]

November Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 3, 1961

*Joseph C. McNeil* for the plaintiff.

*Black, Wilson & Hoff* for the defendant.

**Holden, J.** This is an action to recover for personal injuries sustained in an automobile accident that happened at the intersection of Chase Street and Colchester Avenue in the city of Burlington. The collision occurred before dark on the evening of September 21, 1958. The plaintiff was a guest passenger in a vehicle operated by her brother, Robert Hurlburt, traveling west on Chase Street.

The western terminal of Chase Street enters Colchester Avenue diagonally, with the obtuse angle on the left. The northbound traffic on Colchester Avenue was halted in the east lane by a traffic light at Barrett Street which intersects Colchester some 493 feet to the north.

When the Hurlburt car reached the Chase Street stop sign, the exit was blocked by the traffic headed north on Colchester. Shortly after Hurlburt's arrival at this point, the line of cars separated enough to permit the Hurlburt vehicle to emerge, cross the lane and turn left on Colchester. Just as Hurlburt had passed through this opening and

headed south up Colchester hill, the defendant's 1955 Oldsmobile sedan overtook it. The defendant applied his brakes and turned in an effort to avoid and pass to the right of the car in which the plaintiff was riding. The defendant's car struck the right side of the Hurlburt vehicle, impelling it into two vehicles in the northbound lane of travel. The force of the impact threw the plaintiff and her young nephew to the pavement. The Hurlburt vehicle was damaged to the extent of $800 and the defendant's vehicle in an amount in excess of $400. The defendant's car left skid marks that extended thirty feet to the rear of the point where it came to rest. The defendant estimated his speed at the approach to the intersection at twenty miles an hour.

The jury returned a verdict for the plaintiff. The defendant appeals. The assignments of error are directed to the reception of evidence, the order of the plaintiff's medical testimony, the instructions of the trial court, the failure of the court to direct a verdict in his favor and its refusal to set the verdict aside as against the weight of the evidence.

The plaintiff called Lieutenant D'Arcangelo, an officer in charge of traffic in the Burlington Police Department. This witness was permitted to testify concerning the distance of travel of a motor vehicle at speeds of twenty and twenty-five miles per hour, normal driver reaction time and braking distances at these speeds. The defendant had previously testified that he applied his brakes when he first saw the Hurlburt vehicle and at that time he was a distance of fifty-one feet from the point of impact.

Counsel for the plaintiff then asked the following hypothetical question: "Assuming that a 1955 Oldsmobile with good brakes was proceeding up Colchester Avenue and at this point at the northerly edge of Chase Street, saw another vehicle coming out of Chase Street and went for his brakes, and that a collision took place at a point on this sketch marked PPI (point of probable impact), do you have an opinion as to whether the speed of that vehicle was in excess of twenty miles an hour?"

The witness was permitted to answer over objection from the defendant on the ground that pertinent evidentiary facts were not included. The speed, distances and points of observation and impact

had previously been shown in the evidence. That the defendant's brakes were in good working condition can be inferred from the skid marks on the pavement.

■ The facts embraced in the question were not matters which had been left to speculation, without evidentiary support, as in *Bliss v. Moore & Stoughton,* 112 Vt. 185, 190, 22 A.2d 315, and *Platt, Admx.* v. *Shields,* 96 Vt. 257, 273, 119 A. 520. The question propounded was not rendered inadmissible because it did not include all the facts that related to the accident. Opinion evidence may be given on part of the facts which the evidence tends to prove. The critical facts were included. Omissions in some aspects of the detail may affect the weight of the opinion given, but shortages in this respect will not preclude the question. *State* v. *Stacy,* 104 Vt. 379, 399, 160 A. 257, 747; *McKinstry* v. *Collins,* 74 Vt. 147, 153, 52 A. 438; *State* v. *Doherty,* 72 Vt. 381, 392, 48 A. 658.

■ This question was followed by a second hypothetical question concerning the relative position of the vehicles involved when they came to rest after the collision. The defendant again objected for the reason that the question did not embrace all the facts necessary to arrive at a sound conclusion. The facts stated in the question were within the evidence. It was in the court's discretion to admit the answer, leaving it to cross-examination to develop the deficiencies in factual data. See 12 V.S.A. §1643; *Tinney* v. *Crosby,* 112 Vt. 95, 99, 22 A.2d 145.

■ In connection with this exception the defendant complains that the remarks the trial judge made at the time of this ruling indicate his ruling was based on a misunderstanding of the evidence. If such was the case, and it does not so appear, the court's misconception was not indicated or pointed out at the time the ruling was made. The statement stands on the record without objection. It cannot be brought forward as the basis for reversible error on appeal. *Croteau* v. *Allbee,* 117 Vt. 332, 335, 91 A.2d 803; *State* v. *Lindsay,* 110 Vt. 120, 123, 2 A.2d 201.

■ At the trial, the court struck the conclusions of a witness who was riding with her husband in a northbound vehicle to the effect that the Hurlburt car was travelling "very fast" and the de-

fendant was moving at a "normal rate of speed." The exclusion was harmless, for her husband followed her on the stand to state, in specific rates, his estimate of the speed of the two vehicles. Moreover, the witness was a passenger and she had previously stated she was unable to estimate speed of a vehicle unless she was driving. The status of the evidence supports the discretionary ruling of the court in striking the answers. *Davis* v. *Raymond,* 103 Vt. 195, 198, 152 A. 806; *Rutland Sash & Door Co.* v. *Gleason,* 98 Vt. 215, 221, 126 A. 577.

It appears from the record that, at some time after the collision, the operator of the car in which the plaintiff was riding made some oral statements to the witness Russell Godsey concerning the accident. The defendant offered the substance of these statements in evidence. The court excluded this testimony on the ground that the operator's statements in this regard would not be binding upon the plaintiff.

The basis upon which the ruling was made appears to have been well taken, for there was nothing in the record to connect the plaintiff to the statements of her host driver. However this may be, the question is not briefed. Rather, the defendant claims error on the ground that the evidence was admissible to impeach the testimony of Hurlburt and to explain how the accident occurred. Since these points were not made below, it is not appropriate to raise them here. *Dailey* v. *Town of Ludlow,* 102 Vt. 312, 316, 147 A. 771; *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 296, 143 A. 394. We point out, however, that no foundation for impeachment was laid in accord with the procedure prescribed in *In re Waterman's Will,* 102 Vt. 443, 447, 150 A. 65. Nor does it appear that the statements were spontaneously exclaimed out of the stress of the excitement. See *Fitch* v. *Bemis,* 107 Vt. 165, 167, 177 A. 193; *State* v. *Blair,* 118 Vt. 81, 91, 99 A.2d 677.

The defendant complains that, at the conclusion of his evidence, the plaintiff called one of her medical witnesses for the first time. The witness, William I. Shea, M.D. was in the courtroom during the presentation of the plaintiff's medical evidence. He was not called upon to testify until the defendant had rested. The defendant objected that the subject of Dr. Shea's testimony was not rebuttal. The court allowed his testimony to continue and stated the ruling was made as a matter of discretion.

The procedure followed was somewhat unusual and had about it the capability of working some inconvenience to the defendant

and his medical experts. We do not approve a departure from County Court Rule 27 unless the circumstances require. But the relaxation of the rule is a matter that must be left to the trial court's discretion unless it brings about an unfair and prejudicial result and exceeds the bounds of reason. *McNeish* v. *United States Hulless Oat Co.,* 57 Vt. 316, 324; 53 Am. Jur. Trial, §121, p. 107.

■ Oftentimes the question of what is rebuttal evidence, in itself, is a matter of discretion, for at the trial there is no full opportunity for refinement of the evidence to draw a precise line as to where primary evidence ends and rebuttal begins. *State* v. *Newburg,* 129 Ore. 564, 278 P. 568, 63 A.L.R. 1225, 1228. Such appears to have been the case in this instance. And if the evidence given by this witness took the defendant by surprise, it does not appear that he appealed to the trial court for an opportunity to meet the new aspects of his testimony. No abuse of discretion has been shown.

The defendant objected to the introduction of the plaintiff's hospital and medical expenses. The defendant also excepted to the court's instructions to the jury that if they reached the question of damages the plaintiff would be entitled to recover such medical expenses in the stipulated amount of $322.93. The ground for the objection was that she was not entitled to recover these items of special damage since, at the time of the accident, she was a minor of nineteen. Before she reached her majority she married. The defendant maintains that her special damage incurred before her marriage could only be recovered by her father; after that time, her special damage became her husband's claim.

The evidence on the question shows that these expenses were incurred by the plaintiff and the accounts were rendered in the plaintiff's name. The expense of orthopedic fittings, medicine and drugs were paid by the plaintiff from her own funds.

■ An infant plaintiff is not precluded from recovering his medical expenses if he established that he personally became legally obligated to pay them. If there is a conflict in the evidence on the subject the question may be for the jury to resolve. *Judd* v. *Ballard,* 66 Vt. 668, 674, 30 A. 96. (Compare *Trapeni* v. *Walker,* 120 Vt. 510, 516, 144 A.2d 831, where the action may belong to the parent.)

■ The same holds true of the medical expenses incurred and assumed by the plaintiff after her marriage. These obligations were undertaken by the wife on her own account and some, at least, were satisfied by the expenditure of her own funds. On this showing, this medical expense forms no part of her husband's action. *Town of Walden* v. *Clark,* 50 Vt. 383, 385.

■ Although a husband is initially responsible for necessary medical services ministered to his wife, she may bind her separate estate for this expense. Practical and reasonable interpretation of married women statutes affords her the right to recover this element of her damage when these circumstances are established. *Cassidy* v. *Constantine,* 269 Mass. 56, 168 N.E. 169, 66 A.L.R. 1186, 1188-1189.

■ ■ It is true, as the defendant maintains, that in reviewing an instruction or a request to charge, the evidence of the excepting party is not to be overlooked. *Levey* v. *Hall,* 119 Vt. 143, 150, 120 A.2d 568. In this occasion, the defendant offered no facts to meet the effect of the plaintiff's testimony concerning the nature of her obligation for the medical expenses. We regard her evidence in this sufficient to remove the original presumption that the obligations belonged to her father or husband. See *Tyrrell* v. *Prudential Insurance Co.,* 109 Vt. 6, 21, 192 A. 184, 115 A.L.R. 392. This state of the evidence permitted the court to instruct as it did on this point.

While charging on the question of damages, the court instructed the jury that the plaintiff had but one action for her injury, and went on to say, "it follows that whatever she is entitled to recover in this limited future period, if anything, must be included in the amount she recovers now." The defendant excepted, asserting that the plaintiff was a guest passenger and had a cause of action against the driver of the car in which she was riding.

It is clear from the instructions given that the trial court had reference to future damages. The obvious purpose was to inform the jury that the plaintiff could not institute another action at a later date against this defendant to recover for damage that might accrue at some future time. The defendant's exception refers to the possibility that she might proceed against her driver to obtain compensation for her injuries.

If both operators, although acting independently, jointly participated in causing the plaintiff's injury, she might have a cause of action against both tort-feasors. But whether two joint tort-feasors shall be sued at all, or jointly, or separately is a matter for the plaintiff alone to decide. *Drown* v. *New England Tel. & Tel. Co.,* 80 Vt. 1, 11, 66 A. 801. The defendant, as an alleged participant, has no right to intervene in this election. But whatever the plaintiff's election might be, she could have but one satisfaction of her claim and there could be no action against her host driver for any part of the damage recovered against this defendant. *Walsh* v. *New York Central & Hudson River Railroad Co.,* 204 N. Y. 58, 97 N. E. 408, 410, 37 L.R.A., N.S., 1137. We find no reversible error in the instruction given.

At the close of the evidence the defendant moved for a directed verdict on the ground that the undisputed evidence established that the defendant was not negligent as a matter of law. The issue of the defendant's negligence in this accident rests principally on his speed, control and lookout for other vehicles at the intersection. The law required him to approach and enter the road junction slowly, with due care to avoid accident. 23 V.S.A. §1034.

The rate of speed which the defendant's vehicle attained as it reached Chase Street was not fixed by the evidence with any degree of exactness. It was variously estimated to be between fifteen and twenty-five miles an hour, but the force of the impact, the skid marks, and the passengers' propulsion from the lead vehicle support the inference that the vehicle was traveling at a higher rate of speed than that given by the eye witnesses. The determination of the rate of speed of a motor vehicle, where there is varying testimony or conflicting inferences, presents an issue of fact for the jury. The acceleration of an automobile, though at a lawful rate, may be dangerous. Whether the speed was excessive under the prevailing circumstances so as to constitute negligence is usually a question for the jury. *Sulham* v. *Bernasconi,* 106 Vt. 192, 199, 170 A. 913; *Higgins, Admr.* v. *Metzger, supra,* 101 Vt. 285, 292, 143 A. 394.

Reasonable control is frequently measured by the ability of the operator to stop his vehicle quickly and easily. When this result is not accomplished an inference is warranted that the vehicle was

traveling too fast or that adequate control was not maintained. *Standard Oil Co. of New York v. Flint,* 108 Vt. 157, 160, 183 A. 336; *Page v. McGovern,* 110 Vt. 166, 170, 3 A.2d 543. Whether the speed and control maintained by the defendant were reasonable in the circumstances of this accident was for the jury to decide under proper instructions from the court. *Williamson v. Clark,* 103 Vt. 288, 293, 153 A. 448; *Purington v. Newton,* 114 Vt. 490, 494, 49 A.2d 98.

■ A similar issue of fact developed concerning the defendant's lookout. That the defendant was entering the intersection from a favored direction did not give him exclusive rights to proceed without adequate observation and regard for vehicles approaching on Chase Street. *Jasmin v. Parker,* 102 Vt. 405, 417, 148 A. 874; *Beattie v. Parkhurst,* 105 Vt. 91, 94, 163 A. 589; *Brown v. Gallipeau,* 116 Vt. 290, 296, 75 A.2d 694.

The defendant seeks to justify his assumption that no car would enter Colchester Avenue from Chase Street for the reason that the exit from the intersecting street appeared to be closed by the halted traffic. In this, the defendant chose to gamble and lost. *Parro v. Meagher,* 108 Vt. 182, 189, 184 A. 885. His risk was aggravated by the fact that his vision over Chase Street was obscured by the line of cars on Colchester. *Brown v. Gallipeau, supra,* 116 Vt. at 296, 75 A.2d 694; *Fletcher v. White,* 114 Vt. 377, 379, 45 A.2d 569; *Farraro v. Earle,* 105 Vt. 243, 248, 164 A. 886. In this connection, the defendant stated on cross-examination that he might have seen the opening in the north line of traffic if he had looked for it, but he failed to look.

The evidence framed issues of fact as to the defendant's speed, control and his observation of the car in which the plaintiff was a passenger. This state of the evidence precluded the trial court from directing a verdict in the defendant's favor on the question of his negligent operation. *Purington v. Newton, supra,* 114 Vt. 490 at 495, 49 A.2d 98.

We also conclude that the issue of the plaintiff's contributory negligence was properly submitted. At the outset of this event the plaintiff was justified in relying on the assumption that both drivers would exercise reasonable care as they approached the intersection. *Senecal v. Bleau,* 108 Vt. 486, 495, 189 A. 139; *Leclair v. Boudreau,* 101 Vt. 270, 276, 143 A. 401, 63 A.L.R. 1427. In this instance the plaintiff

testified that she undertook to watch for approaching traffic by looking to her right as her brother drove his car out into the east lane before turning south on Colchester Avenue. She didn't see the defendant. The defendant maintains that the defendant must have been within her plain view and her failure to see him was contributory negligence as a matter of law. With this we disagree. Her ability to observe the defendant's Oldsmobile depended on the line of sight and duration of her observation, the distance of the Oldsmobile from the intersection and its speed.

The grade of Colchester Avenue would obscure at least a part of the defendant's car as it proceeded upgrade from Barrett Street. At the Barrett Street traffic light, the defendant passed to the right around a truck that was awaiting an opportunity to turn left into Barrett Street. The plaintiff saw only the truck. The elements of time, space, speed and topography were all factors that were subject to conflicting inferences and it was for the jury to say whether the defendant was in sight and whether the plaintiff was negligent in failing to see the defendant's vehicle as she looked to her right, down Colchester hill. Whether this participation on her part was a contributing cause to the accident that followed was a further question for the jury to decide. *Blondin* v. *Carr,* 121 Vt. 157, 158, 151 A.2d 121; *Leclair* v. *Boudreau, supra,* 101 Vt. 270 at 274, 143 A. 401, 63 A.L.R. 1427.

It is clear from what has already been considered that the controlling issues as to liability were in sharp conflict and strongly contested. The verdict for the plaintiff had an adequate and reasonable foundation in the evidence. We find no abuse of discretion on the part of the trial court in permitting the finding of the jury to stand.

*Judgment affirmed.*